CHRISTOPHER SAMMIS, Appellant, *v.* RALPH CLARK et al., Appellees.

### APPEAL FROM PEORIA.

Interest in the State of Illinois can only be recovered, in actions purely *ex contractu* and where there is nothing tortious in the character of the indebtedness, in the cases specified by statute, or where there has been an express promise to pay interest, or such a promise can be inferred from the circumstances, the particular mode of dealing adopted by the parties, or the usage of the trade in which they dealt.

To make the delay of payment unreasonable and vexatious, the debtor must have thrown obstacles in the way of collection, or by some circumvention, contrivance, or management, must have induced the creditor to prolong the time of proceeding to recover payment longer than he otherwise would have done.

THIS cause was heard before KELLOGG, Judge, and a jury, at March term, 1852, of the Peoria Circuit Court. Verdict and judgment for plaintiffs in the court below. The defendant below prayed this appeal.

A statement of the case will be found in the opinion of the court.

O. PETERS, for appellant.

H. O. MERRIMAN, for appellees.

TRUMBULL, J.    This was an action of debt to recover the price of a bill of goods sold to the defendant, a merchant of Peoria, by the plaintiffs, who were merchants in New York city.

The declaration contained the common counts for goods sold, money lent, &c., and for interest upon and for the loan and forbearance of money, &c.    Plea, general issue.

The facts, as agreed upon, are, that on the 9th of July, 1844, the plaintiffs sold to the defendant a bill of goods amounting to the sum of $283.51, upon an order originally sent by defendant to Baldwin, Dibblee & Work, then merchants in New York, and that on the 29th of May, 1845, the defendant paid the plaintiffs the sum of $160 in part payment of the account.    The defendant obtained the goods by sending an order therefor to the plaintiffs in New York, and the plaintiffs in fulfilment of the order packed up and shipped the goods and they were duly received by the defendant in Peoria, with the invoice, showing the purchase was made on six months' credit from date of bill. Proof was introduced to show that it was the custom of the plaintiffs, and merchants in New York generally, to charge interest on goods sold, after the bills matured, and that the defendant had been a long time a merchant in Illinois, and had purchased his goods generally in New York city.    One witness said he supposed defendant must have known it was the custom of New York merchants to charge their customers, country merchants, interest on their accounts for goods, after the bills matured.    It was also proved that the defendant, in an account current furnished Baldwin, Dibblee & Work of dealings between them, had charged himself with interest.

The jury returned a verdict for plaintiffs for $162.23 debt, and thirty-eight dollars and eight-two cents damages, that being the amount of interest on the account, on which the court entered judgment.

The only question submitted to this court for decision is,

46*

whether, on the above state of facts, the jury were justified in rendering their verdict including interest on the account.

The question of interest, and when it is, or is not, recoverable, has been a much disputed point both in England and many of the States of this Union; but in Illinois the whole subject is regulated by statute. Sect. 2, ch. 54, Rev. St., declares: "Creditors shall be allowed to receive at the rate of six per cent. per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on any judgment recovered before any court or magistrate authorized to enter up the same within this State, from the day of signing judgment until the effects be sold, or satisfaction of such judgment be made; likewise on money lent, on money due on the settlement of accounts from the day of liquidating accounts between the parties, and ascertaining the balance; on money received to the use of another, and retained without the owner's knowledge, and on money withheld by an unreasonable and vexatious delay of payment."

It is a rule, in the construction of statutes, that the expression of one thing is the exclusion of another, and it may well be insisted, when the legislature has enumerated a variety of cases in which creditors shall be allowed to receive interest, that it was not their intention to permit them to demand it in the cases not enumerated. Dwarris on Statutes, 713; The King *v.* Cunningham, 5 East, 478; The Warden of St. Paul *v.* The Dean, 4 Price, 78.

Interest is not given by the common law for a failure to pay money when it is due, unless the parties have so agreed. Hawkins, book 1, ch. 29 § 6; Renn's Glass Factory *v.* Reid, 5 Cow. 608; Madison County *v.* Bartlett, 1 Scam. 70.

It follows, from these positions, that interest can only be recovered in this State in actions purely *ex contractu* and where there is nothing tortious in the character of the indebtedness, in the cases specified in the statute, or where there has been an express promise to pay interest, or such a promise can be inferred from the circumstances, the particular mode of dealing adopted by the parties, or the usage of the trade in which they dealt.

Sammis *v.* Clark et al.

In this case the claim of the plaintiffs is on an open account, and it is manifest they are not entitled to interest under the statute, unless it be under that clause which allows interest on money withheld by an unreasonable and vexatious delay of payment.

No fixed rule can be laid down by which to determine in every case what shall constitute such an unreasonable and vexatious delay of payment as will entitle the creditor to interest. This is a question which must necessarily be determined, to a great extent, upon the circumstances of each particular case as it arises; but it is clear that there must be something more than mere delay to authorize a recovery of interest under this clause of the statute. The delay of payment must have been both unreasonable and vexatious. That is, the debtor must in some way have thrown obstacles in the way of the collection of the demand, or by some circumvention, contrivance, or management of his own, have induced the creditor to prolong the time of proceeding against him longer than he would otherwise have done.

In this case no circumstances appear tending to show that there was any thing vexatious in the delay of payment; and the simple forbearance of the plaintiffs to proceed in the collection of their debt from 1845 to 1848, does not show any thing vexatious on the part of the defendant or such a case as will of itself entitle the plaintiffs to interest.

There is no pretence of an express agreement by the defendant to pay interest, and such an agreement cannot be inferred from the evidence of the custom of the plaintiffs and of New York merchants generally to charge interest, unless the existence of such a custom was brought home to the knowledge of the defendant.

The fact that the defendant, in one instance, made out an account current with another house in New York, in which he charged himself with interest, is not sufficient to warrant the inference of an agreement to pay interest to these plaintiffs. It may be that there was an express agreement to pay interest to the parties to whom the account was rendered.

In our judgment the plaintiffs were not entitled to interest, under the circumstances of this case, as shown by the record, and the judgment allowing it is therefore erroneous. It would

seem that there was also another error in the judgment. The bill of goods purchased amounted to $283.51, on which the defendant paid $160, which would leave a balance of only $123.51, while the verdict of the jury and judgment of the court were for $162.23 debt, besides the damages.

Judgment reversed and cause remanded.

*Judgment reversed.*