WILLIAM KENNEDY et al., Appellants, *v.* GEORGE GIBBS et al.,
Appellees.

### APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

A. received goods as forwarding and commission merchant for B., on which A.
paid freight, and charged B. $5.79 for receiving and checking the goods, and
also $4.70 for commissions for freight advanced. *Held*, that these sums could
be recovered as money advanced in the ordinary course of the business of
A. That the money advanced by A. was not a loan, and that A. could not
recover interest as a matter of course, unless there had been a vexatious de-
lay in the payment of the money from B.

THIS cause was heard before J. M. WILSON, Judge, at May
special term, 1853, of Cook county Court of Common Pleas.

HIGGINS and STROTHER, for appellants.

H. F. WAITE, for appellees.

TREAT, C. J. This was an action of assumpsit, brought by
Gibbs & Co. against Kennedy & Sons, in September, 1852. It
appeared in evidence, that the plaintiffs were forwarding and
commission merchants at Chicago; and that in May, 1852, they
received by consignment a lot of goods for the defendants, on
which they paid freight amounting to $182.10. They charged
the defendants $5.79 for receiving and checking the goods; and
also $4.70 for commissions on the amount advanced for freight.
It was proved that the charges and commissions were custom-
ary and reasonable. The action was brought to recover the
foregoing sums. The court instructed the jury, that the plain-
tiffs were entitled to recover interest on the amount advanced
for freight. They had judgment for the amount claimed, and
interest.

Under the construction put upon the statute in the case of
Sammis *v.* Clark, 13 Ill. 544, it is clear that the plaintiffs were
not entitled to recover interest on the sum advanced for freight,
unless the transaction amounted to a loan of money, or unless
there was an unreasonable and vexatious delay of payment.
In our opinion, it was not a loan of money within the meaning
of the statute. The money was not advanced by the plaintiffs
in the way of a loan, but it was paid out by them in the ordi-
nary course of their business. The fact that they charged a

commission on the amount advanced, in addition to all other charges on the goods, shows conclusively that they did not regard the transaction as a loan of money. If it could be considered as a loan, the charge for commissions would be illegal, and render the transaction usurious. It would be doing violence to the intentions of the parties to hold it to be a loan of money. The court erred in charging the jury, that the plaintiffs were, as a matter of course, entitled to recover interest. If they claimed interest because there had been an unreasonable and vexatious delay of payment, the case should have been put to the jury on that ground. It would be the province of the jury to determine whether payment had been unreasonably and vexatiously withheld.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*