CYRUS H. McCORMICK, Appellant, *v.* DANIEL ELSTON *et al.*, Appellees.

### APPEAL FROM COOK:

In an action of assumpsit, brought by two parties, it is no defense to the action, to show that a contract in writing, in reference to the same cause of action, was made with but one of the plaintiffs; especially where the defendant can avail himself of his full defense, as against both.

Where two partners who followed brick-making, kept a day book and ledger, one made the entries daily of deliveries, in the day book, and the other kept the ledger, but kept no clerk; it was *held,* that the ledger was not sufficient evidence, even when backed by the testimony of a witness who had settled by it, but that the book of original entries should also have been offered in evidence with the ledger.

A delay from October to December in paying a demand, where the defendant shows a just claim for damages, unadjusted, for a breach of the contract sued on, is not such an unreasonable and vexatious delay, as will allow an award of interest.

THIS was an action of assumpsit brought by Elston and Sleight, in the Cook Circuit Court against McCormick for the value of 100,000 brick, alleged by plaintiffs below, to have been sold to McCormick, and delivered to him in the year 1851. Plea, general issue, with notice that defendant would introduce in evidence a contract, with Elston alone, who was one of the plaintiffs, and that defendant, McCormick, would recoup, and set off, etc. Upon the trial, the defendant below, introduced in evidence, the written contract made between him and Daniel Elston, for the delivery of 100,000 brick, to be good, sound, hard brick, or less, as said McCormick might require.

This cause was heard before MORRIS, Judge, and a jury, at November term, 1853, of the Cook Circuit Court, and resulted in a verdict for the plaintiffs below. The appeal was taken to the June term of the Third Grand Division, but by consent of parties, was taken to the second division, for hearing.

E. S. WILLIAMS, for Appellant.

T. HOYNE, and DAVIS and MARTIN, for Appellees.

SCATES, J.   In assumpsit, the defendant declared specially, in two several counts, upon a contract for the sale and delivery to plaintiff, of one hundred thousand bricks at his factory in Chicago, for the sum of four dollars and fifty cents per thousand, and also an *indebitatus* count for goods generally.

The general issue was pleaded, with a notice. The notice presented as defences, a set-off, and the fact that the bricks were purchased by Elston alone, by special written contract for a certain quantity, quality, and place and times of delivery, and that neither the quantity nor quality were delivered, nor at the times or place; whereby plaintiff was damaged, and would set off those damages, together with sums of money due for work, labor, etc.

Evidence was introduced to prove a partnership between defendants, in the bricks, and upon this is presented the question, whether they have a right to a joint action, upon a contract

with one alone, made without a disclosure of the joint or part-nership interest. The general rule, in pleading, requires the real and true owners or parties in interest to join in the action, and a failure to do so, might generally be insisted on as a defence. Here the fact of doing so, is set up as a defence, by proving a contract with one simply, which does not disprove the joint interest. No special circumstances are shown, or pretended to exist, to change or injure plaintiff or his meritorious defence, by excluding payments, or set-off, or the like, in answering the joint action, which would be admissible in the single action. The set-off is for a claim of damages for breach of this contract, and clearly admissible as against both. Agents and partners may sometimes render themselves individually liable, by conceal-ment of their principals and partners, but it does not follow as a general rule, that those principals or partners cannot sue or join in an action to enforce such contracts, either at law or in equity. Special averments might in some cases become neces-sary, to enable a plaintiff to read a contract in evidence made under such circumstances, but that question does not arise upon this record. Plaintiff read a written contract signed by Elston alone, under the general issue and notice, and thereupon asked the court, in his first four instructions, to say to the jury that Sleight, although a joint owner of the brick, could not join in an action to recover their value under this contract. We are of opinion the court properly refused. *Garrett & Bodenham* v. *Handly,* 4 Barn. and Cress. 665. (10 Eng. C. L. R. 748.) Story on Part., Secs. 241 to 244, &c.

The defendants' ledger was admitted in evidence, and its admissibility is presented for revision. They kept a day-book, in which Sleight entered daily the loads of brick delivered, and a ledger in which Elston kept the partnership accounts. They kept no clerk, but a witness had an account on the same book, which he found to be correct, and had settled.

They followed brick-making as an occupation. In addition to this proof, many loads of bricks were shown to have been delivered, by testimony on both sides.

The case of *Boyer* v. *Sweet,* 3 Scam. 121, would seem to settle this question, as to the admissibility of the books of account in evidence generally. But an objection is taken here to the character of the book; there was a day-book kept in which the original entries of the deliveries were daily made, this is one of mere postings of the aggregate from that.

The day-book of original entries should have been offered, either alone, or in connection with the ledger. *Prince* v. *Smith,* 4 Mass. 455; *Eastman* v. *Moulton,* 3 N. Hamp. 156; *Curren*

v. *Crawford*, 4 Serg. and Rawl. 3 ; and in these States a suppletory oath was also required by the practice.

The necessity of producing the book of original entries, is recognized by *Sickles* v. *Mather*, 20 Wend. 72, though the day-book into which was transcribed daily, minutes of the foreman on a slate, was held to be the book of original entries. The original entries are, as a general rule, required, and when transcribed into a ledger, that also. See 1 Greenl. Ev., Sec. 117, note 3 ; Sec. 118, note 2.

This is at best but secondary evidence, and its propriety frequently doubted and questioned. It stands upon the foundation of necessity, and we shall relax none of the safe-guards of its purity and fairness. The ledger should have been accompanied by the day-book in this instance.

The defendants' own book showed the largest account in proof. The balance there, was $447.10 ; the jury rendered a verdict for $469.71, exceeding the account by $22.60. The delivery of the bricks commenced in August and ended in October or November, 1851, and suit was instituted in December following. The Statute (Rev. Stat. 1845, p. 294, Sec. 2,) has allowed interest on money withheld by an unreasonable and vexatious delay of payment. Under this state of facts, the court instructed the jury that defendants were entitled to interest up to the time of trial, and from the date when payment should have been made. This accounts for the excess of the verdict above the account. This we think to be erroneous. The plaintiff presented such a claim for damages for a breach of the contract, as defendants admitted to be a just set-off to the amount of $35, in their second instruction. With such an admitted ground of set-off, unadjusted under the contract, we cannot say, with no explanation offered by defendants in relation to it, that the length of this delay from October to December, was either unreasonable or vexatious. *Sammis* v. *Clark et al.*, 13 Ill. 544 ; *Kennedy et al.* v. *Gibbs et al.*, 15 Ill. 406.

Judgment reversed and cause remanded.

*Judgment reversed.*