ALANSON E. DAVIS *et al.*

*v.*

SAMUEL C. KENAGA,

1. INTEREST—*unreasonable and vexatious delay of payment.* In an action to recover for the value of a quantity of corn loaned by the plaintiff to the defendant, interest is recoverable only upon the ground that there has been an unreasonable and vexatious delay of payment.

2. SAME—*question of law or fact.* And in such case, it is error for the court to instruct the jury that they may allow interest, because the question, whether there has been an unreasonable and vexatious delay of payment, is one of fact for the jury.

APPEAL from the Circuit Court of Kankakee county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action of assumpsit, brought to the court below, to recover damages for a breach of contract. The trial resulted in a verdict and judgment for the plaintiff, and the defendants appealed. The further facts are stated in the opinion.

Mr. H. LORING, for the appellants.

Mr. T. P. BONFIELD and Mr. C. A. LAKE, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought to recover the value of a quantity of corn loaned by the plaintiff to the defendants. That the plaintiff was entitled to recover is very clear, but there is a conflict of evidence as to the amount. We are, however, obliged, reluctantly, to reverse this judgment, because of an error in the instructions. The court, in the second instruction, told the jury they might allow interest on the amount they found due from the time the plaintiff had demanded a return

of his corn, and the defendant had in fact returned the quantity, but of an inferior grade as to quality. This instruction was error. The only ground upon which interest is recoverable in this case would be that there had been " an unreasonable and vexatious delay of payment," within the meaning of the second section of the interest statute, but whether there had been such unreasonable and vexatious delay was a question of fact to be submitted to the jury, as held by this court in *Kennedy* v. *Gibbs*, 15 Ill. 406. It was held in *Sammis* v. *Clark*, 13 Ill. 544, *Hitt* v. *Allen*, ib. 592, *Clement* v. *McConnell*, 14 ib. 151, *McCormick* v. *Elston*, 16 ib. 205, and *Aldrich* v. *Dunham*, ib. 404, that something more than mere delay of payment was necessary to bring a case within the statute.

The judgment is reversed and the cause remanded.

*Judgment reversed.*