MARK A. DEVINE

*v.*

HENRY C. EDWARDS.

*Filed at Ottawa November 10, 1881.*

1. MONEY PAID—*under mistake of fact, recoverable back.** Where a person buying milk pays for the same, counting each can as containing eight gallons, supposing the cans to hold that much, when in fact they do not, he may set off the money paid by him for the shortage out of any sum he may owe the seller, in a suit for its price.

2. CONTRACT OF SALE—*place of delivery.* Where a contract for the sale and delivery of personalty, such as milk, expressly provides that it is to be shipped by the seller to the place of business of the purchaser, at the expense of the seller, the place of delivery is the business place of the purchaser, and any loss on the way must fall upon the seller.

3. INTEREST—*when recoverable on an account, in the absence of any agreement to pay.* Under the statute, to entitle a party to recover interest upon an open account, there must be something more than mere delay in making payment after demand. The delay of payment must be both unreasonable and vexatious.†

---

* Where a person, by mistake, overpays another, he may recover the sum so overpaid, notwithstanding a receipt may have been given. *Stempel* v. *Thomas*, 89 Ill. 146. Or where the services for which the money was paid have not been performed. *Moore* v. *Robinson*, 92 id. 491. And generally, as to voluntary and compulsory payments. *County of La Salle* v. *Simmons*, 5 Gilm. 513, upon a review of authorities by TREAT, C. J.

† As to allowance of interest for unreasonable and vexatious delay of payment, see *Bedell* v. *Janney*, 4 Gilm. 193; *Hitt* v. *Allen*, 13 Ill. 596; *Kennedy et al.* v. *Gibbs et al.* 15 id. 406; *Newlan* v. *Shafer*, 38 id. 379; *McCormick* v. *Elston*, 16 id. 204; *Aldrich* v. *Dunham*, id. 403; *Daniels* v. *Osborn*, 75 id. 615; *Jassoy* v. *Horn*, 64 id. 379; *Chapman* v. *Burt*, 77 id. 337.

Whether there has been an unreasonable and vexatious delay of payment is a question of fact for the jury. *Davis et al.* v. *Kenaga*, 51 Ill. 170; *Kennedy et al.* v. *Gibbs et al. supra.*

· APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DuPage county; the Hon. C. W. UPTON, Judge, presiding.

Messrs. GARY, CODY & GARY, for the appellant:

If, by the mistake of the parties, the amount of the milk was short, and the seller on that account received more money than he was entitled to, he must account for the same, even though the mistake resulted from negligence on the part of the purchaser as well as on the part of the seller. *Devine* v. *Edwards,* 87 Ill. 177; *Bradford* v. *City of Chicago,* 25 id. 411; *Rutherford* v. *McIron,* 21 Ala. 750; *Gooding* v. *Morgan,* 37 Maine, 419; *Thomas* v. *Brady,* 10 Pa. St. 164; *Tybout* v. *Thompson,* 2 Pa. Br. 27; *Miles* v. *Stevens,* 3 Barr, 37; *Shearer* v. *Fowler,* 7 Mass. 32; *Goddard* v. *Bank,* 4 Conn. 147; Chitty on Contracts, 543.

Where it is the express contract that the property is to be shipped to the place of business of the purchaser, at the expense of the seller, then the place of delivery is the place of business of the purchaser. *Dunlap* v. *Lambert,* 6 Cl. & F. 600.

To authorize the allowance of interest upon an open account, the delay of payment must not only be unreasonable, but also vexatious. *Sammis* v. *Clark,* 13 Ill. 544.

Messrs. BOTSFORD, BARRY & RUSSELL, for the appellee:

No fixed rule can be laid down to determine in every case what shall constitute such unreasonable and vexatious delay in payment as will entitle the creditor to interest. This question must necessarily be determined to a great extent upon the circumstances of each particular case. *Sammis* v. *Clark,* 13 Ill. 547. See, also, *Mattman* v. *Williamson,* 69 Ill. 423; *Casey et al.* v. *Carver et al.* 42 id. 225; *Heiman* v. *Schrader,* 74 id. 158; *Walker* v. *Hadduck,* 14 id. 399; *Knickerbocker Ins. Co.* v. *Gould,* 80 id. 388.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit to recover a sum claimed to be due to plaintiff from defendant, for a quantity of milk shipped by the former to the latter from Dundee, Illinois, to Chicago, during the month of March, 1875. Defendant filed a plea of set-off, alleging that for five years next prior to the commencement of the suit he had been purchasing milk of plaintiff by the gallon; that it was shipped in cans supposed by both parties to hold eight gallons each; that payments for the milk, from time to time, were made, on the basis of a capacity of eight gallons to a can; that in fact the cans held a less quantity, and that by the error defendant had overpaid plaintiff a large sum of money, which he offered to set off in this case. There were a verdict and judgment in favor of plaintiff for the full amount of his claim, including interest. On appeal to the Appellate Court for the First District the judgment was affirmed, and defendant appealed to this court.

At the trial in the circuit court defendant asked the following instruction, which the court refused to give:

"The jury are instructed, that even if they believe, from the evidence, that at some time in December, 1870, at Chicago, it was agreed between the plaintiff and defendant that the narrow neck cans (so called) of the plaintiff held eight gallons of milk, yet if the jury further believe, from the evidence, that such agreement was made under the mistaken belief by the defendant that such cans actually held eight gallons, then the defendant would not be bound by such agreement."

This same case was before us on a former occasion, (87 Ill. 177,) when we said with reference to the subject of this set-off: "The contract under which the milk was sold was for a given price per gallon. It was the duty of appellee to see to it that his cans should hold the quantity which he professed they held. It does not lie in his mouth to complain that

appellant did not watch him with the care which the circumstances seemed to demand. If, in truth and in fact, by the mistake of appellant and that of appellee, the amount of the milk was short, and appellee received more money on that account than he was entitled to, he must account for the same, even though the mistake resulted from negligence on the part of appellant as well as on the part of appellee. The real question is as to the fact of the alleged shortage. If that existed, the appellant is entitled to have the wrong corrected, by way of set-off." We think the same remarks are applicable, although there was the agreement stated in the instruction, if it was made under the mistaken belief as therein named, and that the instruction should have been given.

There was some evidence tending to show that some of the milk, shipped from time to time, was spilled from the cans while on the cars, and the following instruction on that point was asked by the defendant, and refused:

"The jury are instructed, that if they believe, from the evidence, that during the five years immediately prior to the commencement of this suit the defendant purchased milk of the plaintiff by the gallon, to be shipped from Dundee to Chicago, and that the plaintiff agreed to pay the freight on such milk, and that nothing was said by either the plaintiff or defendant in regard to the place of delivery, then the law makes Chicago the place of delivery."

We incline to think this instruction should have been given; that where it is the express contract that the property is to be shipped by the seller to the place of business of the purchaser, at the expense of the seller, then the place of delivery is the business place of the purchaser. (Benjamin on Sales, sec. 693.) And that so, as contended by defendant, if Chicago was the place of delivery, the quantity of milk in the cans upon their arrival at Chicago was the quantity to be considered as having been actually received by defendant.

The following instruction was given in behalf of plaintiff, and excepted to:

"If the jury believe, from the evidence, that the plaintiff shipped to the defendant milk, in the month of March, 1875, to the value of nine hundred and twelve dollars ($912), which the defendant received and has never paid for, or any part thereof, and that the defendant has no legal set-off against said demand, then the jury should find a verdict in favor of the plaintiff for said sum; and if the jury further believe, from the evidence, that the plaintiff made demand of defendant for such sum, and that the defendant neglected and refused to pay said sum, and that there has been an unreasonable or vexatious delay in such payment, then the plaintiff is entitled to recover interest on said sum from the date of such demand (if the evidence shows any such demand was made.)"

The allowance of interest in the case of an account like the one in question, is under the statute which gives interest on money withheld by an unreasonable and vexatious delay of payment. This provision does not authorize the recovery of interest where there has been an unreasonable *or* vexatious delay of payment, but only where there has been such unreasonable *and* vexatious delay of payment. *Sammis* v. *Clark*, 13 Ill. 544, so decides, where this court said: "But it must be clear that there must be something more than mere delay to authorize a recovery of interest under this clause of the statute,—the delay of payment must have been both unreasonable and vexatious."

For error in giving the last instruction and refusing the two others, the judgment of the Appellate Court is reversed, and the cause remanded.

*Judgment reversed.*