## THE FIRST NATIONAL BANK OF SPRINGFIELD
## v.
## AMANDA F. COLEMAN.

1. DEPOSITS IN BANK—INTEREST.—As a general rule, deposits of money in bank, subject to the checks of the depositor, draw no interest. It seems that if there should be unreasonable and vexatious delay in payment the depositor might demand interest.

2. DEMAND BEFORE SUIT.—Upon a general deposit in a bank the banker

is entitled to demand of payment before a suit can be sustained against him by the depositor.

3. STATUTE OF LIMITATIONS.—A certificate of deposit in a bank is a sufficient evidence in writing of the existence of a debt to save the cause of action until barred by the statute of limitations relating to written instruments.

APPEAL from the Circuit Court of Sangamon county; the Hon. C. S. ZANE, Judge, presiding. Opinion filed October 28, 1882.

Messrs. HAY, GREENE & LITTLER, for appellant; that whatever is sufficient to put one upon inquiry must be regarded as notice of all that an inquiry would have disclosed, cited Russel v. Ransom, 76 Ill. 167; C. & R. I. R. R. Co. v. Kennedy, 70 Ill. 350; Harper v. Ely, 56 Ill. 179; Henneberry v. Morse, 56 Ill. 394; Babcock v. Lisk, 57 Ill. 327; Flint v. Lewis, 61 Ill. 299.

The court should not assume facts in an instruction nor tell the jury what weight to give any part of the evidence: Richmond v. Roberts, 98 Ill. 472; Elston Road Co. v. The People, 96 Ill. 584; Calef v. Thomas, 81 Ill. 487; Evans v. George, 80 Ill. 51; Pro. Life Ins. Co. v. Dill, 91 Ill. 174.

Messrs. PALMERS, ROBINSON & SHUTT, for appellee.

McCULLOCH, J.   The statement of this case as made by counsel for appellant in their brief is concurred in by counsel for appellee.   It is as follows:

In the month of September, 1870, the plaintiff below, a married woman, sold to the Springfield and Illinois S. E. R. R. Co. lots 1 and 2 in block 5 in the old town plat of Springfield.   The price agreed upon was $9,000.   In September, 1870, she joined with her husband in executing a deed for the property, but it was not then delivered.

About the 3d day of October, 1870, an arrangement was made by which two certificates were issued by the defendant bank in the following form:

"Deposited in the First National Bank by Mrs. Amanda F. Coleman, Springfield, Illinois, Oct. 3, 1870, forty-five hundred, payable October 15, '70.   Thirty-seven hundred and

eighty-nine dollars and fifteen cents to be retained for mortgages."

"Deposited with First National Bank, by Mrs. A. F. Coleman, October 3, '70, forty-five hundred; payable March 1, '71." Memorandum on corner, ".Note."

What transpired on that day is a matter of dispute, but it will not be denied that in a few days thereafter, A. W. Coleman drew $4,500 of the amount deposited, on a check, which he drew in the name of his wife, he signing as her agent. Of the amount so drawn he applied the sum of $3,640.73 to the satisfaction of two mortgages or deeds of trust on the property sold, and received $859.27 in cash. After the 1st of March, 1871, Coleman commenced to draw checks against the second certificate of deposit of $4,500, and by the 21st of November, 1871, he had drawn the whole amount. Thus the entire $9,000 was exhausted. Coleman drew all the money on checks, to which he signed his wife's name, and himself as agent. After the money was drawn out the account was balanced, and the checks returned to Coleman.

About the year 1878 the Coleman family moved to St. Louis.

On the 25th day of April, 1879, this suit was commenced by Mrs. Coleman for the recovery of the money. Just before the commencement of the suit, Mr. Hamilton, one of the attorneys of plaintiff, demanded the money from the bank in her behalf. This was the first time the officers of the bank ever heard that the authority of the husband to represent the wife was questioned. No complaint or demand had ever been made, or notice given, till after the lapse of nearly nine years, when Coleman had ceased to be a resident of the State.

The case was tried upon appellant's plea of payment, in support of which it assumed the affirmative of the case. The main questions in the case were whether or not appellee's husband had authority in the first instance to draw the money, or not having such authority, did appellee afterward ratify what he had done? We express no opinion as to the weight of evidence upon these points.

The jury returned a verdict and the court rendered judg-

ment for $6,889.65, which, after deducting the amount paid upon the mortgages from the said $9,000, is greatly in excess of the sum due appellee, unless she is entitled to interest.

The court at the instance of appellee instructed the jury that the measure of damages would be the amount of the certificates with interest at six per cent. per annum from the time the money specified became due, allowing appellant such credits as they might believe from the evidence it was entitled to.

In this we are of the opinion the court erred. As a general rule deposits of money in bank subject to the checks of the depositor draw no interest. The transaction in this case was not a loan. The so-called certificates were mere memoranda showing the amount of money deposited by appellee and the time when the same might be demanded. When the time came for payment the money stood to her credit on appellant's books subject to her checks. This is evident from the fact that it did actually pay checks supposed to have been drawn under her authority. We can discover nothing in the fact of the money being made payable at a future day to distinguish it from an ordinary deposit, except that appellant was not bound to pay it out until the day arrived.

These so-called certificates were sufficient evidence in writing of the existence of the debt, to save the cause of action until barred by the statute of limitations relating to written instruments, and, in case there had been unreasonable or vexatious delay of payment, interest might have been recovered. Jassoy & Co. v. Horn, 64 Ill. 379. But it is equally true that, on a general deposit, the banker is entitled to demand of payment before a suit can be sustained against him for the deposit. Brahm v. Adkins, 77 Ill. 263.

It can not be said that there has been any unreasonable and vexatious delay, unless the debtor has thrown some obstacle in the way, or by some management of his own induced the creditor to prolong the term of proceeding against him. Sammis v. Olark, 13 Ill. 544; Hitt v. Allen, Id. 592; and the defending in good faith of a suit brought for the recovery of the money is not a vexatious delay. Aldrich v. Dunham, 16 Ill. 403.

Appellant in this case has done nothing which can be construed into an attempt on its part to hinder or delay appellee in obtaining her money. It had, as it supposed, once paid out the money upon appellee's checks, and no demand having been made by her it rested in the belief it had discharged the debt. It was not put in default by a demand and hence can not be said to have, by any act of its own, delayed payment.

Appellant became liable in its character of banker to appellee as its depositor and in no other capacity. It was therefore entitled to retain the money without liability to be sued therefor or to pay interest thereon until demand made for payment. We are therefore of the opinion the court erred in holding as it did, that the certificates in question by their own force, drew interest after the day of payment therein mentioned.

The judgment of the court below will therefore be reversed and the cause remanded.

Reversed and remanded.