# BOARD OF EDUCATION
## v.
## SMITH HOAG.

*Practice—Execution against School Directors—Motion for New Trial— Sec. 56, Practice Act—Motion to set Aside Judgment—Discretion.*

1. It is error to award general execution upon a judgment against a Board of School Directors. Such judgment can only be enforced as provided in ¶ 50, Chap. 122, Starr & C. Ill. Stat.

2. Under Sec. 56 of the Practice Act the trial court must entertain a motion for a new trial when it is duly presented in writing during the term at which judgment is entered.

3. When the defendant was not represented at the trial, a motion to set aside the judgment is addressed to the discretion of the court.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC W. WILSON, Judge, presiding.

Messrs. EDWARD C. LOVELL and FRANK CROSBY, for appellant.

Motion for new trial should be at trial term.    Campbell v. Conover, 26 Ill. 64.

When motion in writing for a new trial, specifying grounds, is duly made, stay of final judgment until the motion can be heard is absolute.    Hearson v. Graudine, 87 Ill. 115.

A motion for a new trial may be filed during the term at which final judgment is entered.    O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104.

A motion for a new trial is in time if made at the term at which final judgment is entered.    C. & N. W. R. R. Co. v. Dimick, 96 Ill. 42.

The effect of a motion for a new trial is to stay final judgment until such motion is overruled.    People v. Cary, 105 Ill. 264.

Mr. R. N. Botsford, for appellee.

The court rightfully refused to set aside the judgment. Union Hide and Leather Company v. Woodley, 75 Ill. 435; Treutler v. Halligan, 86 Ill. 39; Palmer v. Harris, 98 Ill. 507.

Until the judgment was set aside or vacated, the appellant was in no condition to take any further steps in the case.    The vacation of the judgment would not set aside the verdict upon which the judgment is based.    Edwards v. Irons, 73 Ill. 583.

No motion was in fact made for a new trial.    The nearest approach to it was the motion for leave to file such a motion.

No motion was entered upon the record for a new trial nor was the court asked to enter such a motion.    The filing of such a motion, if in proper order of time, is a matter of right; no leave of court to file it was necessary and it seems counsel so regarded it, as upon the written motion it bears the file mark of the clerk of December 2, 1885, the day leave was asked to file it.    In all cases cited by appellant in support of this alleged error of the court below, except the case of People v. Gary, 105 Ill. 264, the motion for a new trial was made before the final judgment was entered, and in that case the motion for a new trial was coupled with a motion to vacate the judgment.

Welch, J.    This was an action of assumpsit brought by the appellee against the appellant.    General issue filed.

On the 27th day of October, 1885, this cause came on for trial, a jury was called and verdict rendered for appellee on which verdict judgment was entered by the court. There was no one present at the trial representing the appellant. On the first day of December appellant appeared and moved the court to set aside the judgment, which was denied. Motion by appellant to set aside judgment for the purpose of entering motion for new trial. Motion overruled. Motion by appellant for leave to file motion for new trial. Motion denied. To each of the said rulings of the court the appellant at the time excepted. Motion for new trial and reasons therefor filed December 2, 1885. This motion was filed during the October term at which judgment was rendered.

The first error assigned is, that the court refused to vacate the judgment so entered and let the appellant in with its defense. On the ground this motion was based it was one addressed to the discretion of the court, and we can not say there was any abuse of that discretion. The judgment should have been vacated or modified for another reason as it awarded execution against the appellant. Botkin v. Osborne, 39 Ill. 101.

The second error assigned is that the court refused to entertain a motion for a new trial which was presented in open court in writing on one of the days of the term at which the judgment was entered and bearing the file mark of the clerk of the court. Under Sec. 56 of the Practice Act, it is provided: "If either party may wish to except to the verdict or for other causes to move for a new trial he shall before final judgment be entered or during the term it is entered by himself or counsel, file the points in writing particularly specifying the grounds of such motion, and final judgment shall thereupon be stayed until such motion can be heard by the court." In this case judgment was entered immediately upon the rendition of the verdict. This motion was presented during the term at which the judgment was entered. It was in writing, particularly specifying the grounds of the motion and it was filed with the clerk. The appellant did all that it was required to do under the statute, *supra.* Its right to file a motion for a new trial was a right conferred by law. A right

which the court had no discretion in regard to or right to re-
fuse.  Appellant had the right to make the motion and hav-
ing filed the same with the clerk in apt time it was the duty
of the court to have entered, heard and disposed of the motion
for a new trial.  It was error to refuse it.  For the errors
herein indicated the judgment is reversed and cause remanded
with directions to enter, hear and dispose of the motion for a
new trial, appellee to pay the costs in this court.

*Reversed and remanded.*