# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—MAY TERM, 1887.

---

### BOARD OF EDUCATION
### v.
### SMITH HOAG.

*Action against School Board—Interest—Unreasonable and Vexatious Delay in Payment—Judgment—Surplusage.*

1. Whether there has been such an unreasonable and vexatious delay in the payment of money due the plaintiff as to entitle him to interest, is a question of fact for the jury.

2. In an action against a school board to recover the price of a bill of lumber, it is *held:* That the evidence sustains the verdict for the plaintiff; that the delay in payment was both unreasonable and vexatious; and that certain words in the judgment should be rejected as surplusage.

[Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Messrs. EDWARD C. LOVELL and FRANK CROSBY, for appellant.

Messrs. BOTSFORD & WAYNE, for appellee.

BAKER, J. This was *assumpsit* by appellee against appellants

to recover the price of a bill of flooring and lumber furnished by him in February and March, 1881, for the Locust Street school house.   The case was before us at the May term, 1886, and is reported in 21 Ill. App. 588.   Upon the remanding of the cause, the motion for a new trial was overruled and a judgment rendered upon the verdict of the jury for $148.37, damages.   The case is now again brought here by appeal.

No objection was made at the trial to the introduction of any portion of the testimony produced by appellee to establish his demand; and, in the absence of any evidence to the contrary, we think it sufficiently sustains the verdict of the jury, that the Board of Education was liable to pay appellee for the lumber furnished by him for the school building.   It is objected that the jury, by their verdict, allowed appellee six per cent. interest upon the amount of his bill for the period of four years and a half.   No fixed rule can be laid down to determine what constitutes such unreasonable and vexatious delay in payment as will entitle the creditor to interest.   The question must necessarily be decided to a very considerable extent from the circumstances of each particular case.   Sammis v. Clark, 13 Ill. 544.   It is a question of fact for the jury to determine whether or not money has been withheld by an unreasonable and vexatious delay of payment.   Kennedy v. Gibbs, 15 Ill. 406; Davis v. Kenaga, 51 Ill. 170.   It is very clear, both from the language of the statute and from numerous decisions of the courts, that something more than mere delay of payment is required in order to bring a case within the last clause of Sec. 2 of the interest act.   Yet, under the evidence found in the record before us, we are of opinion the jury was fully authorized to find that the delay in payment was both unreasonable and vexatious.   Newlan v. Shafer, 38 Ill. 379; Daniels v. Osborn, 75 Ill. 615.

It is assigned as error that the form of the judgment is contrary to law.   Sec. 49 of the school law in force July 1, 1872, provides that if any judgment shall be obtained against any township, board of trustees or school directors, it shall be lawful for the court to issue thence a writ commanding the directors, trustees and treasurer of such township to cause the amount

thereof, with interest and costs, to be paid to the party entitled to the benefit of said judgment, out of any moneys unappropriated, of said township or district, or, if there be no such moneys, out of the first moneys applicable to the payment of the kind of services or indebtedness for which such judgments shall be obtained, which shall be received for the use of such township or district. In the judgment at bar the award of the writ was "that the clerk of this court issue thereon a writ commanding the said Board of Education of district number one, township forty-one, range eight, east of the third principal meridian; to cause the amount of said judgment, interests and costs to be paid to the said plaintiff, Smith Hoag, out of any moneys of the said township or district not otherwise appropriated, and in case there be no such moneys in their hands, then out of the first moneys applicable to the payment of this kind of indebtedness which said district or treasurer may recover for the use of said township or district." The mandate of the writ awarded is addressed to the Board of Education of the district. See Sec. 80 of the School Law of 1872. The appellant Board of Education had no control directly or indirectly over moneys in the hands of the township treasurer for the use of the township. The command to the board to pay the judgment out of any moneys of the township or district not otherwise appropriated, is simply without force and void in respect to the moneys of the township, and the words "township or" should be rejected as surplusage, and do not vitiate the judgment. The words, "township or," also occur in the alternative command of the writ, and are also there inoperative and void, and to be regarded as mere surplusage. The other differences between the writ that was directed by the order of the court and that provided for by the statute, are differences in the matter of the words employed and not differences in any matter of substance, and are of such character as not to require any special notice.

We find no error in the record that requires a reversal of the judgment, and it is affirmed.

*Judgment affirmed.*