### The Aetna Indemnity Company, Appellee, v. Paul F. P. Mueller, Appellant.

### Gen. No. 15,372.

1.  EVIDENCE—*what not proper upon cross-examination.* Cross-examination is properly restricted to interrogation as to those matters elicited upon direct examination.

2.  INTEREST—*when allowable as upon money due under a written instrument.* If a document is signed in blank which blank is subsequently filled in by another acting as the agent for the signer, money due thereunder is due as upon a written instrument and interest may be allowed pursuant to statute.

3. WITNESSES—*who not competent by virtue of interest.* A party defendant is incompetent to testify as to a conversation had with a deceased agent of the plaintiff.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Affirmed. Opinion filed March 21, 1911.

CHESTER FIREBAUGH and HENRY W. HUTTMANN, for appellant.

LAMBORN & GUERNSEY, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

This is a suit brought to recover the premium contracted to be paid to the appellee by the appellant in consideration of the appellee becoming surety upon the bond of the appellant for the building of an office building in Buffalo, N. Y. The case was tried before a court and jury, the court on the closing of testimony, at the request of appellee, instructing the jury to find the issues for the appellee and assess its damages at $1,145.14. From the judgment on such verdict the appellant appeals to this court.

There is no contention on the part of the appellant but that the bond was furnished in accordance with the contract. He insists, however, that his counsel should have been allowed to cross-examine him more fully in regard to the facts and circumstances connected with the signing of the agreement, and also that interest should not have been allowed.

Appellee put the appellant upon the stand to prove his signatures, and he testified that the signatures to the documents in question were his. Counsel for appellant insist that they had the right to cross-examine him with respect to all matters connected with the making of this contract. The court did permit him to testify to certain facts, among others that the papers

were filled out without his reading them; that none of the writing on the documents as distinguished from the printed parts was there when he signed them; that the agent of the Indemnity Company was there; that he had never seen the blank before, and that there were other persons present, who were clerks in the office. The question then was asked, "Will you state what was said there and state all the facts and circumstances in connection with your writing your name down at the bottom of this instrument?" The court held that if this evidence could be admitted at all, it must be as evidence offered on the part of the defense and must properly be brought out, if at all, after plaintiff had rested its case.

It seems that the testimony particularly sought to be adduced was a conversation between one Benson, who was the agent for appellee and who had died after the contract was made and before the beginning of the suit.

The court properly held that under such circumstances the plaintiff, when his testimony was offered as a defense, could not testify as to the conversation between himself and Benson. Although the appellant states that there were clerks in his office at the time, none of these clerks were placed upon the stand in his behalf. We are not advised by the record whether or not they were in such position that they could have heard the conversation.

The appellant insists that the inclusion of interest in the amount of the judgment cannot be justified, because that was an invasion of the province of the jury.

It is admitted that the two instruments forming the basis of this suit were signed, with certain blanks in the printed form not having been filled in, and the contention of the appellant is that that made the contract partly in writing and partly oral and therefore, under the rule, it should be treated as a contract not in writing. If this contention is well founded, then the ques-

tion as to whether or not there was unreasonable and vexatious delay in payment was a question for the jury and not for the court. Davis v. Kenaga, 51 Ill. 170. We hold however that the suit is upon a written instrument within the meaning of the statute and therefore the question of interest was not a matter for the jury exclusively to determine. Appellant by signing the contract with the blanks not filled in, impliedly created the Indemnity Company his agent to fill in these blanks. If the blanks had not been filled in properly the appellant would have been allowed to show that fact, if he had introduced proper testimony. He would not be allowed to do so by his own testimony, in so far as that related to the conversation between himself and the deceased agent of the appellee; and that was the only kind of evidence offered.

On October 11, 1906, the appellant wrote the appellee, stating that the appellee was on his bond for the construction of the building for the Larkin Soap Company, and asking it for authority to waive the "15% clause" in the contract. In that letter appellant says: "You will oblige me by sending this immediately to me to pay you the $500 claimed as earned by you for the period of this additional time consumed in attending to these changes." The sentence last quoted would seem to be an admission by the appellant that he owed the appellee the amount of its demand.

We have carefully examined the record in this case, and see no reason for disturbing the judgment.

*Judgment affirmed.*