## S. T. Osgood et al., Appellees, v. Mrs. A. A. Poole, Appellant.

## Gen. No. 5511.

1. INTEREST—*when mechanic's lien law will not support recovery.*  Interest is not recoverable by virtue of the mechanic's lien law if the proceeding be not one under such law, and if there is nothing in the record to show the right to a mechanic's lien.

2. INTEREST—*how unreasonable and vexatious delay of payment established.*  No fixed rule can be laid down to determine what constitutes unreasonable and vexatious delay in payment. The question is one of fact to be decided by the jury under the peculiar circumstances of each particular case.

3. EVIDENCE—*when best, required.*  If a contract be in writing and objection is made to oral evidence to prove the terms of such contract, the written contract should be required or its absence accounted for.

4. EVIDENCE—*when conversation with representative competent.*  Conversations with one who was the agent and representative of

the party with respect to the subject-matter of the controversy, are competent and should be admitted.

5. EVIDENCE—*when improper to read from account book.* It is error to permit a witness to read into the record items contained in an account book, no foundation for the introduction of such account book having been made.

6. EVIDENCE—*when documentary not offered at proper time.* A defendant is not entitled to introduce documentary evidence until the plaintiff has closed his case in chief.

7. ARBITRATION AND AWARD—*what essential to valid award.* If an agreement of arbitration provides that the finding of the arbitrator shall be reduced to writing, a written award is essential.

8. ARBITRATION AND AWARD—*what works revocation of agreement to arbitrate.* The institution of a suit to recover for the subject-matter of the arbitration is by implication a revocation of the agreement to arbitrate.

Assumpsit. Appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1911. Reversed and remanded. Opinion filed October 13, 1911. Opinion modified, rehearing denied, November 23, 1911.

E. C. VAN HOOREBEKE and H. M. KELLY, for appellant.

M. N. ARMSTRONG and I. I. HANNA, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

On September 14, 1903, appellees, contractors and builders at Marseilles, Illinois, entered into a written contract with appellant to move back an old house and build an addition of six rooms to it for $1250. On October 14, 1903, they made another written contract to build two more rooms to the house for $225. Under the first contract the work was to be completed December 1, 1903. No time was specified for the completion of the work in the second contract. Changes were made from time to time as the work progressed. The work was not completed until June 1, 1904. Thereafter appellees brought a suit against appellant in the Circuit Court of LaSalle county to recover a bal-

ance claimed to be due them, and later entered into a written agreement with appellant to arbitrate their differences and dismissed the suit. Arbitrators were selected and they decided that neither party owed the other, but did not then reduce their decision to writing. On August 15, 1908, appellees commenced this suit and filed a declaration containing the common counts and a bill of particulars claiming a balance due, with interest thereon. Appellant filed a plea of the general issue with notice of set-off, and a special plea setting up an arbitration and award, and a bill of particulars claiming damages for delay in the completion of the work. Appellees filed a *similiter* to the general issue and four replications to the plea of arbitration and award. The first replication denied that an award was made and on this issue was joined. A demurrer was sustained to the second, third and fourth replications. They were amended and again demurred to and the demurrer was carried back and sustained to the plea of arbitration and award. Appellant abided by her plea. Upon a trial appellees obtained a verdict for $530, $130 of which was for interest. A motion for a new trial was denied, judgment was entered on the verdict, and this appeal was prosecuted by defendant.

In the first, second and sixth instructions given for appellees the court told the jury if they found any sum was due, they should allow interest thereon at 5% per annum. The mechanics' lien law allows interest on the amount due on a building contract when the action to recover the same is brought within the requirements of the statute and maintained, but this is not a mechanics' lien suit, nor is there anything in the record that tends to show that appellees were ever entitled to a mechanics' lien, and if they were, they are not now seeking to enforce it. They were not entitled to interest for an amount due on an instrument in writing, as the evidence shows that the amounts

due on the written contracts were paid, this suit being brought for extras. Therefore, if they were entitled to interest it would be by force of the last clause of section 2 of the Interest statute, which provides that interest may be allowed on money withheld by an unreasonable and vexatious delay of payment. No fixed rule can be laid down to determine what constitutes such unreasonable and vexatious delay in payment as will entitle the creditor to interest. The question must necessarily be decided to a very considerable extent from the circumstances of each particular case. Sammis v. Clark, 13 Ill. 544; Board of Education v. Hoag, 25 Ill. App. 558. A mere failure to pay a claim or demand or the defense of such a claim will not necessarily constitute the delay in payment unreasonable and vexatious. Devine v. Edwards, 101 Ill. 138; County of Franklin v. Layman, 145 Ill. 138. The mere fact of appearing and defending a suit is not sufficient, because that is a right which cannot be construed into an unreasonable and vexatious delay of payment. Imperial Hotel Co. v. Claflin Co., 175 Ill. 119. "To create an unreasonable and vexatious delay in payment, within the meaning of the statute, there must be something more than mere delay of payment. To authorize the recovery for interest the debtor must in some way throw obstacles in the way of collection, by circumvention, contrivance or management of his own, which induces the court to withhold proceedings against him longer than it would otherwise have done." Imperial Hotel Co. v. Claflin Co., *supra*. Appellant claimed more for damages for delay in the work and loss of rent than appellees sought to recover, and apparently there was an honest difference of opinion between them. We find nothing in the record which would justify the trial judge in holding, as a matter of law, that there had been an unreasonable and vexatious withholding of payment on the part of appellant. Whether or not money has been withheld by an

unreasonable and vexatious delay of payment is a question of fact for the jury. Kennedy v. Gibbs, 15 Ill. 406; Davis v. Kenaga, 51 Ill. 170; Board of Education v. Hoag, *supra.* It was error for the court to direct the jury to allow interest if they found any sum due appellees.

One of appellees was permitted to testify that certain improvements were made, which were not in the original contract, when the contract had not been produced in evidence. The questions that elicited this evidence were asked and answered over the special objection of appellant that the contract itself was the best evidence of what was or what was not contained therein. The contract was in writing, and in existence, and should have been produced.

Appellant was not permitted to relate a conversation which she claimed to have had with one Watson, appellees' superintendent in the construction of the house, concerning a change in the original contract with relation to the front porch. Appellees' evidence shows clearly that Watson was not only their representative, but was in charge of the work, and under that proof he had power to bind appellees. Appellant should have been permitted to testify to any conversation she and Watson had in relation to any changes made about the work.

One of appellees, when testifying to the items going to make up their claim, was permitted to read from an account book, without first laying the statutory foundation for its introduction in evidence. It was error to permit him to read into the record the items of account contained in the book. The foundation for its introduction was afterwards laid and the book admitted in evidence, and the error measurably cured. It is not clear, however, that the book was properly admitted, there being some proof tending to show that it was not kept in the regular course of business and that some of the entries were not made on the date they

purported to be. But we think no harmful error resulted therefrom.

It is contended that the court erred in refusing to admit in evidence a bill rendered by one Wilson to appellant, the same being for hardware which she claims was used in the building. This contention does not fairly represent the true state of the record for the reason that when one of appellees was being examined, he was shown, on cross-examination, this bill, and asked if he did not direct appellant to pay it and that he would pay her, and he denied this. Thereupon counsel for appellant offered the bill in evidence, and the court then held that it ought not to be admitted until appellant began introducing her proof. Appellant's counsel persisted in the offer and the court sustained the objection. This ruling was proper because the time had not yet arrived when appellant was entitled to introduce evidence, as appellees had not yet closed their case in chief; also for the further reason that the witness denied that he directed appellant to pay the bill. There was then no evidence which justified its admission. Afterwards, appellant, in making her case, testified that she presented said bill to one of appellees, and he told her to pay it and she would be allowed for it. This testimony laid a foundation for the introduction of the bill, but appellant did not thereafter offer it. Therefore the court did not err concerning the Wilson bill.

It is contended that the court erred in carrying the demurrer to the amended replications back to the plea of arbitration and award and sustaining the same thereto. Parties submitting their differences to arbitration have a right to impose any conditions they see fit. The plea of arbitration and award set out a submission in writing which required the finding of the arbitrators to be reduced to writing. The parties having imposed a condition that the award should be in writing, it was essential, to make a valid award, that it should be in writing. The authority of arbi-

trators is subject to revocation by either party to the suit at any time before the award is made. Morse on Arbitration and Award, 230. The institution of a suit to recover for the subject-matter of the arbitration was by implication a revocation of the agreement to arbitrate. Morse on Arbitration and Award 236; Frink v. Ryan, 3 Scam. 322; Ross v. Nesbit, 2 Gilm. 252; Paulsen v. Manske, 126 Ill. 72; Crilly v. Philip Rinn Co., 135 Ill. App. 198. But it does not appear from the face of the plea itself that the contract to arbitrate was rescinded before the award was reduced to writing. We therefore conclude that the court should not have carried the demurrer back to the plea; and as it does not appear that the amended replications are defective, the demurrer should have been overruled.

The judgment is therefore reversed and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*