JOHN F. MOORS vs. PRESCOTT BIGELOW.

Suffolk.   December 7, 8, 1892. — January 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Equity — Partnership — Mistake — Evidence.*

Upon the dissolution of a partnership existing between A. and B., there was an understanding or agreement that the settlement of the affairs of the partnership should be made on the basis of a payment by B. to A. of the balance due, as shown by a proper adjustment of all the accounts on the books of the firm. A certain sum was paid as that balance, but an item of a much larger amount in favor of A., which should have been included, was omitted by a mistake of A., and either by a mistake of B. or with knowledge that it was not included. A. acted in the belief that the account stated was correct. *Held*, that A. could maintain a bill in equity against B. to recover the sum so omitted.

If the inquiry, upon the hearing of a bill in equity, is in regard to a contract of settlement of the affairs of a partnership between the plaintiff and the defendant, and the reasons and motives for making it, evidence as to whether the plaintiff subsequently advanced the overdue interest on a first mortgage of property, a second mortgage of which was held by him as collateral security for an account guaranteed by the defendant in the settlement, is properly excluded.

BILL IN EQUITY, filed in the Superior Court, alleging, as amended, the following facts.

On March 15, 1888, the plaintiff formed with the defendant a copartnership, under the style of " The Advisory Investment Company, John F. Moors and Prescott Bigelow, Managers," for the purpose of doing business as brokers of stocks and bonds; and on or about February 6, 1889, the style of the firm was changed to " Moors and Bigelow." All the capital of the firm was furnished by the plaintiff, the defendant furnishing a seat on the stock exchange.

On or about June 6, 1888, the defendant borrowed from the firm the sum of $2,250, and gave as security for the same a promissory note for that amount, signed by Walter Gassett, payable to the defendant or order, and by him indorsed to the firm as follows: " Pay to the order of the Advisory Investment Company, John F. Moors and Prescott Bigelow, Managers. Prescott Bigelow." The debt of the defendant was not evidenced by any instrument in writing, but was entered on the firm book of account as a loan to him, and the same still stands upon said

book as unpaid. About July 1, 1889, the defendant, as further security for the loan, which was then due, and in consideration of the continuance of the same, gave to the firm a note for $1,750, signed by Walter Gassett, payable to the defendant or order, and by him indorsed to the firm as follows: " Pay to the order of Moors and Bigelow. Prescott Bigelow."

About October 1, 1889, both of the notes being then overdue and unpaid, the firm, for the purpose of collecting the amount of the notes from the maker, indorsed the notes to the defendant. It was agreed and understood between the plaintiff and the defendant that the notes did not by the indorsement cease to be the property of the firm ; that they were not thereby released or discharged from liability to the firm as security for the debt of the defendant to the firm ; and that the proceeds of the notes when collected should be applied, as far as might be necessary, to the payment of the debt due from the defendant to the firm.

On January 1, 1891, the firm was dissolved, and among the terms of the dissolution, which were not in writing, it was agreed that all the assets of the firm, including all debts due to the firm, but not including the seat on the stock exchange, should become the property of the plaintiff individually. The debt of the defendant to the firm, together with the notes held as security for the same, thereby became the property of the plaintiff individually, and the debt of the defendant to the firm became payable to the plaintiff individually. If the defendant should prove the payment, cancellation, or satisfaction of any amount found due from him to the plaintiff, the same did not include said loan or any part thereof, but the record of the loan upon the books of the firm was by mistake entirely overlooked, and omitted in the accounting between the plaintiff and the defendant upon which such alleged payment and satisfaction were based. By the terms of the dissolution the plaintiff assumed all indebtedness of the firm. The debt of the defendant was due and unpaid, although the plaintiff had often demanded payment of the defendant, who refused to pay the same.

The defendant claimed, notwithstanding the facts above recited, to hold the notes wholly for his own benefit, and free from any lien in favor of the firm or of the plaintiff; and the defendant proposed and intended and was proceeding to collect the

amount of the notes, and intended to use the proceeds of the same for his own purposes, regardless of the rights of the plaintiff.

The prayer of the bill was that the defendant be decreed to pay to the plaintiff the sum of $2,250, with interest; that the defendant should hold the notes subject to the agreement above set forth as security for the payment to the plaintiff of $2,250, with interest; that the defendant might be ordered to apply the proceeds of the notes when collected, so far as might be necessary for the purpose, to the payment of the amounts due to the plaintiff; and that, until the amount so due to the plaintiff was paid, the defendant be enjoined from selling, negotiating, or indorsing the notes, or either of them, and from disbursing any amount which had been or should be collected upon the notes, except to apply such amounts to the payment of the amount due the plaintiff.

In the Superior Court, a decree was entered for the plaintiff, in accordance with the prayer of the bill; and the defendant appealed to this court. The nature of the evidence appears in the opinion.

*T. J. Homer*, for the defendant.

*G. D. Burrage*, (*E. T. Cabot* with him,) for the plaintiff.

KNOWLTON, J. The principal question that arises on this appeal is whether there was evidence to sustain a finding that would warrant the decree which was entered. The evidence is reported at length, and the judge rightly found from it an understanding or agreement of the parties that their settlement of the affairs of the copartnership should be made on the basis of a payment by the defendant to the plaintiff of the balance due, as shown by a proper adjustment of all the accounts on the books of the firm. The evidence tended to show that $344.58 was paid over as that balance, and that an item of $2,250 in favor of the plaintiff, which should have been included, was omitted. The evidence well warranted the finding that this omission was made by a mistake of the plaintiff, and either by a mistake of the defendant or with knowledge that it was not included, and that the plaintiff was acting in the belief that the account stated was correct. In either view, the plaintiff is entitled in equity to a correction of the mistake, and we discover no error in the proceedings.

If the objections to the exclusion of evidence are open on this appeal, the rulings of the court appear to have been correct.* The inquiry was in regard to the contract of settlement and the reasons and motives for making it. Whether the plaintiff did or did not subsequently advance the overdue interest on the first mortgage was immaterial, as affecting the situation at the time the arrangement between the plaintiff and the defendant was made.                                        *Decree affirmed.*

---

* The evidence excluded was whether the plaintiff, subsequently to the settlement, advanced the overdue interest on a first mortgage of property, a second mortgage of which was held by him as collateral security for an account guaranteed by the defendant in the settlement.