Smith, J.
The question presented to us is, whether the Superior Court erred in sustaining a demurrer, filed by'Marks, the plaintiff below, to the answer filed by the defendant below to the plaintiff’s petition.
The petition averred, in substance, that on and before November 27, 1893, the plaintiff and defendant were partners in the shoe business under the firm name of Plaut & Marks, and on the day named they agreed in writing to put an end to their partnership on or before January 1, 1894; that an inventory should be taken of all of the assets of the partnership and the debts, credits and liabilities thereof, so as to find the interest of each of the partners in the partnership on or before December 15, 1893; that when this was done, Plaut should name a figure valuing the business as a whole, which should be the basis at which he would buy the interest of Marks therein, or sell his own interest in the business to Marks. That within four days after the receipt of the proposition, Marks should either buy the business on the terms stated therein, or failing to do so should sell his interest to Plaut upon the conditions named. The party selling was in proper form to vest the title to all the partnership property and assets in the purchaser on his complying with the terms on his part. On November 30, 1893, such an inventory was taken, showing what purported to be an account of all the assets, debts, credits and liabilities of the partnership, and particularly an itemized statement of the sums shown by the books to be due from each and every person indebted to the partnership..
*201 On December 11, 1893, Plaut made a written proposition to Marks, valuing the whole business, after deducting all liabilities, at $74,437.94, Marks’ interest, $24,681.52; Plants’ interest, $49,756.42; total, $74,437.94; and thereupon offered to purchase the interest of Marks therein for said sum of $24,681.52, on certain terms, or sell his interest for $49,756.42, on certain terms — stating that the proposition was based on the state of their respective accounts, and the firm’s inventory of November 30, 1893.
This proposition was at once accepted by Marks, who elected to purchase the interest of Plaut on the terms named, and he paid the purchase price and received the title to and possession of the assets of the partnership, “all upon the basis and on the faith of the inventory and itemized statements of the outstandings due said firm, But in said statement of sums due said partnership, the accounts from the following named persons were, by mistake, put down in the following amounts respectively in excess of what was really due from them, to-wit:’’ Here follow fifteen names with various sums, amounting in all to $1,606.43. These sums, it is alleged, had, without the knowledge of either plaintiff or defendant, been collected by an employe of said partnership, and by him embezzled. Subsequently said employe paid back $40.25.
After this transaction, plaintiff discovered the embezzlements and the mistake in the inventory and itemized statement. He recovered $1,104.68 of the amount so embezzled, leaving a deficit of $461.50 on said accounts mistakenly supposed to be outstanding, but really paid when he made the purchase aforesaid of defendant. By the terms of the partnership, plaintiff bore and shared losses and profits equally. Plaintiff has demanded one-half of said sum of $461.50, viz: $230.75, but defendant refuses to pay the same or any part thereof. Wherefore he prays judgment against defendant for said sum of $230.75, with interest thereon.
*202 The answer of the defendant in substance was, that from 1887 up to the time of the sale by plaintiff to defendant of his interest in the partnership,, they had been co-partners in said business, and that one o'f the articles of their partnership was to the effect that on or about the 1st of January of each year, during its continuance, a full written 'inventory or account of all the partnership assets should be taken, and of all their indebtedness and of such accounts as are usually taken in such business, and that the same or an abstract thereof should be entered upon their books, and signed by the partners, and the same was to be conclusive upon them, and that it further provided that the partnership might be dissolved, and that the agreement mentioned in the plaintiff’s petition provided for an inventory of the kind mentioned in the partnership agreement, and when made it was signed by the parties, and not objected to by either; that said last inventory did not contain a list of suspended debts included in former inventories, amounting to a large sum, a large portion of which was collectible, and that some of it has since been collected by plaintiff; that many accounts due the firm were not mentioned as of any value in the last one made preparatory to the dissolution; that part of this was collectible, and a part thereof has been collected by plaintiff, and that a few other assets of the firm did not appear on said inventory. That the valuation so made in said inventory, after deducting debts and liabilities, was $86,437.94, and no other inventory was taken than that of November 30, 1893. That the proposition submitted by defendant to plaintiff, valued the partnership as a whole, after deducting liabilities at $74,437.94, or $12,000 less than the amount of the inventory, and omitting all estimate of the value of the items and matters mentioned in paragraph two, of the answer; and the proposition was accepted by plaintiff, wherefore he prays to go hence without day.
A general demurrer was filed to this answer, and sustained *203 by the court, and defendant excepted, and not wishing to further plead, judgment was rendered for plaintiff for the amount claimed, and the reversal of said judgment is now sought by plaintiff in error.
He now makes the claim that the demurrer filed searched the record, and that the petition of the plaintiff does not show a good cause of action against him.
We are of the opinion that it does. The allegations of the petition, (not denied, and therefore admitted), were that an-inventory was made by the partners, of the debts due to the partnership, which included sundry accounts supposed by them to be due from various persons amounting to $1,606.-43, and that the proposition of sale made and accepted, was based on the state of their respective accounts, and the inventory so made, and that the purchase-price was paid on the basis and on the faith of said inventory and itemized statements of the outstandings due the firm, when in fact there was no such debts due to the firm, for the reason that before that time, they had been collected by an employe of the firm without the knowledge of either of the members of the partnership, and had been embezzled.
Here was a mutual mistake of both of the parties to the contract as to a material fact in regard to the subject-matter thereof. It is in fact a representation as to the existence of certain claims, attempted to be transferred by one of the late partners to the other, when in fact no such claims were then in existence. It is the settled rule of the law, as we understand, that in such case, if the agreed price has been paid by the purchaser, it may be recovered back. As where one attempts to sell a horse, or a stock of goods, supposed by the contracting parties to be in existence, but which in fact is not, the price paid therefor must' be returned. The following authorities, we think, support this doctrine: 17 Ohio, 385; 2 Simon & Stewart, 454; 20 Wend, 174; 45 *204 Ohio St. 436; 87 Ill., 177; 144 N. Y. 486; 44 Minn. 273, and 158 Mass. 60.
And the fact that afterwards the plaintiff was able by process of law or otherwise, to collect from the person who unlawfully appropriated the money collected by him, on such claims, a part thereof, thereby reducing the amount of his claim against his late partner, does not at all operate to prevent him from recovering in this case the one-half of the amount of such accounts still uncollected, The petition then, in our judgment,' stated a good cause of action against the defendant.
We are further of the opinion that the allegations of the answer do not make a good defense to the petition. It nowhere appears either in the petition or answer, that the contract of dissolution provided that the inventory therein provided for, when signed, was to be final and conclusive, as was the original contract as to the yearly inventories to be made under it. And there was no reason why it should. And the fact that by consent, (for no mistake is averred), certain small articles or credits were not included in the last inventory, does not affect the right of the plaintiff to recover as claimed.
The judgment will therefore be affirmed.