LYMAN A. BOWKER & others *vs.* ADELAIDE J. TORREY & another.

Suffolk. January 12, 1912. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Equity Pleading and Practice,* Demurrer, Parties. *Equity Jurisdiction,* To correct mistake, For an accounting, Laches, Statute of limitations. *Partnership.*

Real estate which was purchased and maintained with funds of a partnership composed of three partners was held by them in equal undivided shares as tenants in common. After the death of two of the partners, the surviving partner and persons representing respectively the interests of the deceased partners, after open and fair negotiations and such examination of the books of the partnership as any of them desired to make, adjusted the affairs of the partnership by forming a corporation to which was conveyed all the personal property assets of the partnership, the corporation assuming all of the partnership debts, the title to the real estate remaining unchanged, and the mutual accounts with the partnership of those representing the interests of the partners being adjusted by a division among them of the shares of the capital stock of the corporation. In making the division the representative of one of the deceased partners because of a mistake was given more than his share, and,

after the corporation had continued in business for six years and its capital stock had become or been found to be worthless, a bill in equity alleging the foregoing facts was brought against him by the person who represented the interest of the other of the deceased partners and who alleged that the plaintiff should have received a larger share in the adjustment. On demurrer to the bill it was *held*, that the bill could not be maintained to change the character of the arrangement entered into six years before in entire good faith, or to give the plaintiff a lien upon property into which the defendant had converted his interest in the real estate formerly of the partnership; but that it might be maintained for an accounting to rectify the mistake made by the parties and to compel such a readjustment, as between the parties in the suit, of the division of the shares of stock of the corporation at its par value, or in some other way, as would accomplish that end.

A suit in equity for an accounting as to an adjustment of the affairs of a partnership which was made immediately after the death of one of the partners six years before the filing of the bill, and for the rectification of a mistake then made whereby the defendant received too much and the plaintiff received too little of the capital stock of a corporation which succeeded the partnership, may be maintained although six years have elapsed since the adjustment and the corporation has been doing business during that whole time and its capital stock has become or has been found to be of no value, if the mistake was not discovered by the plaintiff until shortly before the suit was commenced.

A demurrer to a bill in equity setting forth a claim against an executor or administrator will not be sustained on the ground that the suit is barred by the special statute of limitations, R. L. c. 141, § 9, where it is not alleged in the bill that any notice of the defendant's appointment as required by R. L. c. 139, § 1, had been given by the executor.

In a bill in equity for an accounting to rectify a mistake made in the adjustment of the affairs of a partnership composed of three partners after the death of two of the partners by the formation of a corporation and the payment in capital stock of the corporation of amounts found to be due to persons representing the interests of the former partners, the plaintiff, representing the interest of one of the deceased partners, alleged that he had received too little and that the defendant, who represented the interest of the other deceased partner, had received too much in the division. The defendant demurred on the ground that the surviving partner and the corporation were necessary parties. *Held*, that the demurrer should be overruled, because, although it might ultimately appear that the surviving partner and the corporation were necessary parties, they were not shown to be so by the allegations of the bill.

BILL IN EQUITY, filed in the Supreme Judicial Court on April 8, 1911, and afterwards amended, by Francis E. Bowker, executor and trustee under the will of Edwin Bowker, late of Waltham, and the beneficiaries under that will, against Adelaide J. Torrey and Charles T. Gallagher, conservator of her property, seeking relief from a mistake committed in the adjustment, after the deaths of Edwin Bowker and Charles Torrey, of the affairs of the

partnership of Bowker, Torrey and Company, formerly composed of Edwin Bowker, Franklin Torrey and Charles Torrey. From the allegations of the bill it appeared that Adelaide J. Torrey was the executrix of and sole devisee under the will of Charles Torrey and was his widow.

Specific allegations relating to delay in the bringing of the bill were as follows: "The plaintiffs, with the exception of Francis E. Bowker, executor and trustee, never knew the facts herein set forth until shortly before filing this bill, and the plaintiff Francis E. Bowker, executor and trustee, who was acquainted with the facts, except as to the amount of the true indebtedness of Charles Torrey to the firm, of which he was ignorant, in all matters relating to the formation of the corporation, the transfer of property to the corporation and the distribution of its stock and all matters relating to the settlement of the partnership affairs, acted under a misapprehension as to the effect upon the rights of the parties of omitting the said real estate from the transfer to the corporation, while, at the same time, proceeding in all other respects as though the real estate had been so conveyed, and never discovered the effect of said purported settlement until shortly before the filing of this bill."

The bill also alleged, with regard to the death of Charles Torrey and the appointment of his executrix, that he died on April 9, 1905, and "by his will devised and bequeathed his property, real and personal, to his widow, the defendant Adelaide J. Torrey, and thereby constituted her sole executrix thereof. The defendant Adelaide J. Torrey was appointed executrix by the Probate Court of Suffolk county, and duly qualified" at some time previous to July 29, 1905. There was no allegation that the executrix had given the notice required by R. L. c. 139, § 1.

The bill also contained the following allegation: "The plaintiffs bring this bill for the benefit of Franklin Torrey, as well as for themselves, if, upon learning the facts, he desires to become a party plaintiff and join in the expense thereof."

Other allegations of the bill are stated in substance in the opinion.

The second prayer of the bill was as follows: "That the settlement of the partnership affairs made on or about April 30, 1905, may be reopened so far as necessary to correct the errors herein set forth, namely, by charging the share of Charles Torrey with

interest on his overdrafts, and readjusting and correcting the amount due from him and the amounts due to the plaintiffs according to the facts set forth herein, and that the defendant Adelaide J. Torrey may be charged with such sums as she may be shown to have received in excess of the sum to which she was entitled, and the amount which in justice and equity ought to have been paid to the plaintiffs determined and established." In the third prayer the plaintiffs asked that a trust might be decreed and enforced against property which the defendant Torrey then held in place of the undivided interest in real estate which formerly had been Charles Torrey's, as stated in the opinion, to secure the payment to the plaintiffs, of what was found due to them upon the accounting sought in the second prayer.

The defendants severally demurred to the bill as amended. The demurrers were overruled by *Morton*, J., who, at the request of the parties and because he was of the opinion that the questions of law involved so affect the merits of the controversy that, before further proceedings, the matters ought to be determined by the full court, reported the case for that purpose, stating that, if the order overruling the demurrer was affirmed, the defendants were to plead or answer.

*J. Noble*, for the plaintiffs.

*G. W. Anderson*, for the defendants.

SHELDON, J. According to the case made by the bill, upon the decease of Edwin Bowker in 1901, the affairs of the partnership were not wound up, but the business was continued by the surviving partners, the amount which should have been liquidated and paid to the plaintiff Francis E. Bowker being left in the control and management of the surviving partners. This was done by the consent of all parties. But upon the decease of Charles Torrey it was arranged among all the parties interested, to wit, Franklin Torrey the surviving partner, the plaintiff Francis E. Bowker as executor and trustee of the deceased partner Edwin Bowker, and the defendant Adelaide J. Torrey as the executrix of the will of the deceased partner Charles Torrey, that a corporation should be formed which should take all the assets and assume all the liabilities of the partnership except the amounts due to the parties in interest, and that these should be adjusted by dividing among these parties the capital stock of the corporation, in proportion

to their respective interests. This idea was carried out, except that they did not convey to the corporation the real estate which had been purchased by partnership funds and regarded as partnership property. They left this real estate, the legal title to which had been taken and always had stood in the name of the three partners as equal tenants in common, to be held still according to the legal title. They also by equal contribution paid $100,000 of the debts of the old firm, thereby relieving the corporation of that liability. Whether this was to compensate the corporation in part for the real estate which was not conveyed to it, does not distinctly appear. But we can of course make no intendment in favor of the bill. *Simpson* v. *Fogo*, 1 Johns. & H. 18, 23. *Foss* v. *Harbottle*, 2 Hare, 461, 502, 503. *Foreman* v. *Bigelow*, 4 Cliff. 508, 542. *Fisher* v. *Graves*, 80 Fed. Rep. 590. Disregarding this cash payment, the agreement between the parties, as modified by their voluntary action, therefore was that the corporation should take the personal assets and assume the liabilities of the firm to third parties as they then stood, and that the mutual accounts and interests of the parties should be adjusted as between themselves by making a proportionate division of the stock of the corporation. This agreement seems according to the bill to have been made openly and fairly, after such examination of the firm books and papers as the parties chose to make, without any fraud or concealment having been practised by any of them. The agreement, as modified, operated two chief results: First, that each one of the three original partners or those claiming under him should hold one undivided third of the real estate according to the legal title thereof, free from any equitable lien or claim thereon of any of the other parties in interest; and secondly, that each one of the parties should take and receive whatever was found to be the amount coming to him or her, as a partner or the representative of a partner, not in money, but in the stock of the new corporation. We find nothing in the averments of the bill to warrant us in saying that this agreement now, after the lapse of some six years, after each party has received the stock to which he or she was entitled under the agreement, after the corporation has engaged actively in business and after its stock has either become or been found to be worthless, can be avoided by the plaintiffs. It is not charged that Francis E. Bowker, who as executor and

trustee represented all the other plaintiffs, was induced to make the agreement and the modification thereof by any fraud or deception practised upon him, or that he did not understand just what he was doing, or that what he did varied in any respect from what he intended to do. His mistake or misunderstanding as to this was simply that he did not appreciate the consequences which might result from his action. His bargain has turned out to be an improvident one, but it was made in good faith. It might have resulted advantageously. We cannot tell what or how much bene- fit he gained by having his undivided third interest in the real estate freed from any partnership lien or claim in behalf of the other parties, and we cannot relieve him or those whom he repre- sented from the effect of what he chose to do. *Page* v. *Higgins,* 150 Mass. 27.

But it does not follow that the demurrer should be sustained merely because a part of the relief prayed for cannot be given. The plaintiffs cannot indeed hold anything in the nature of a lien upon Mrs. Torrey's real estate or its proceeds. But according to the bill there were errors and mistakes in stating the accounts of the different parties and carrying out the terms of the agree- ment, and by reason of these Mrs. Torrey received a larger amount of the capital stock of the corporation than she ought to have had, and Francis E. Bowker received a smaller amount thereof than should have come to him. That is, the bill charges that by reason of such errors and mistakes she has received stock which ought not to have been given to her, if indeed instead of receiving any stock she ought not to have paid something to the other parties. For the correction of these errors the bill can be maintained. *Moors* v. *Bigelow,* 158 Mass. 60. *Gould* v. *Emerson,* 160 Mass. 438. *Locke* v. *Locke,* 166 Mass. 435. Doubtless, under the agree- ment, any balance that may be found due from her she will have the right to pay in the stock which she received, to the full amount of that stock, reckoning this at its par value; *Parker* v. *Simpson,* 180 Mass. 334, 360; but we cannot know that even this may not leave something to be paid by her in money.

The bill appears to have been brought seasonably after the plaintiffs had learned of the alleged errors. And upon the face of the bill the remedy is not shown to be barred either by the general statute of limitations or by the provisions of R. L.

c. 141, § 9. It does not now appear that the period of the latter statute has ever begun to run.

We do not see that either Franklin Torrey or the corporation was a necessary party to the bill. It may turn out that this is so, but the bill does not show it.

The demurrer is to be overruled, and the defendants are to plead or answer.

*So ordered.*