J. C. TRAVIS, Respondent, v. M. EPSTEIN et al., Appellants.

Parole evidence cannot be admitted to supply, contradict, vary or enlarge the *words* of a written contract, except in a proper proceeding to correct a *mistake* in the drafting of the instrument.

But parole evidence may be admissible to prove the making of a separate and distinct parole contract at the same time a written contract is made.

Query: Whether the evidence offered was admissible under this rule?

If a mistake in fact is made in a settlement, and the party against whom it is made pays more than he is justly bound to pay, he may recover it back.

Formerly it was held that a partial failure of consideration could not be pleaded as a defense *pro tanto* to a note. Recently, many Courts have admitted such defense, and it is held to be a good defense under our mixed system of common law and chancery proceedings.

Evidence that defendants had found what they *thought* to be a mistake in the settlement would not invalidate the notes. The notes (notwithstanding the agreement) are *prima facie* evidence of the debt. The burthen of proof to show an actual mistake lies on defendants.

The agreement between the parties, and the circumstances attending the settlement may be introduced, with other facts and circumstances, to show mistake.

APPEAL from the District Court of the Second Judicial District of the Territory of Nevada, Douglas County, Hon. GEO. TURNER presiding.

The facts of the case are stated in the opinion.

*Williams & Bixler*, Counsel for Appellants.

*Kendall, Quint & Hardy*, Counsel for Respondent.

The appellants made the following points:

*First*—The notes being taken after maturity, are subject to all the equities.

This point is not contested by respondent.

*Second*—The rule that written instruments cannot be varied by parole evidence is subject to many qualifications.

Parol evidence may be introduced to prove the instrument is void for fraud, etc., or for want of consideration. (1 Greenleaf on Evidence, sec. 284; *Slade* v. *Halstead*, 7 Conn. 322; *Schoolmaker* v. *Roosa*, 17 John. 304; *Dexter* v. *Clemans*, 17 Pick. 177; *Case* v. *Gerrish*, 15 Pick. 49.) So partial failure may be proved. (Smith's Mercantile Law, 337; Chitty on Contracts, 670; *Bond* v. *Fitzpatrick*, 4 Gray, 89; *Stoddard* v. *Kimball*, 6 Cushing, 469; *Parish* v. *Stone*, 14 Pick. 208.)

For the purpose of showing partial failure, contemporaneous parol agreements are admissible. (*Slade* v. *Halstead*, 7 Conn.; *Dexter* v. *Clemans*, 17 Pick. 177; *Case* v. *Gerrish*, 15 Pick.

49; *Bond* v. *Fitzpatrick*, 4 Gray, 89; *Parish* v. *Stone*, 14 Pick. 208.)

The evidence was admissible to show a mistake in the amount of the notes. (*Palmer* v. *Vance*, 13 Cal. 555–6; *Prim* v. *McCahill*, 21 Cal. 128; *Hathaway* v. *Brodie*, Cal., October Term, 1863.)

The evidence was admissible to avoid circuity of action. If defendants had paid the money they could have recovered it back to the extent of the mistake in settlement. (*Barr* v. *Veeder*, 3 Wend. 412; *Tinsler* v. *May*, 8 Wend. 561; *Wisner* v. *Bulkley*, 15 Wend. 321; *Brown* v. *Williams*, 4 Wend. 360; Wheaton's Selwin's *nisi prius* title assumpsit, pp. 82–3–4.)

Respondent made the following points:

*First*—It is an inflexible rule that parole evidence is not admissible to supply or contradict, enlarge or vary the words of a contract in writing. (Kent's Commentaries, vol. 2, pp. 731–2; Chitty on Contracts, p. 105; Storey on Promissory Notes, secs. 410 and 291; Chitty on Bills, sec. 61; Parsons on Contracts, p. 60; U. S. Digest, vol. 12, p. 502—vol. 13, p. 538 —vol. 5, 647; 5 Wend. p. 187, 9 Wend. 538, 17 Wend. 190; 6 Cal. 38, 4 Cal. 204 and 258, 7 Cal. 285, 10 Cal. 106, 11 Cal. 198, 12 Cal. 130, 13 Cal. 125, 16 Cal. 140; *Goldman* v. *Davis*, Oct. Term of Cal., 1863.)

*Second*—If mistake in *making the note*, such mistake might be shown by parole. Here is no pretence that there was a mistake in *making the notes*. They are what all the parties agreed they should be.

If any mistake, it was in a settlement made some time previous to making the notes.

A mistake in this settlement cannot be introduced to impeach the notes. (7 Cal. 205, 8 Cal. 32, 13 Cal. 136.) If it had turned out that the amount due was greater than the amount of the notes, plaintiff's assignee could not have enlarged the notes or recovered the surplus. (*Belt* v. *Mehen*, 2 Cal. 159; Story's Eq. Juris., secs. 146–9; *Monier* v. *Barrett*, 26 Wend. 168; *Morenhaut* v. *Brown*, Cal.—not yet reported.)

Parole evidence is admissible to explain and apply the writing, but not to add to it or vary its terms. (2 Phillips' E. C.

H. and Everts', 665, and note 494; Ibid, 666; Story's Equity, sec. 160; *Leonard* v. *Vischer*, 2 Cal. 37; *Conner* v. *Clark*, 12 Cal. 168; *Stanley* v. *Green*, 12 Cal. 148; *Johnson* v. *Carey*, 2 Cal. 36; *King* v. *Norton*, 4 Cal. 358; *Osborn* v. *Hendrick-son*, 7 Cal. 283, 8 Cal. 32, 10 Cal. 106–178.)

Opinion by BEATTY, J., full Bench concurring.

This was a suit brought on two promissory notes by the plaintiff as assignee of one Dryden. The defense set up (so far as there is any question before the Court) was, that prior to the time the notes were executed there had been an informal settlement between the defendants and Dryden, and a balance found due to Dryden of $983, but this settlement was made in the absence of defendants' books, and with an understanding that if any error was discovered when they had access to their books, it was to be rectified. On the 7th day of January, 1862, defendants executed four promissory notes of different sizes, amounting in the aggregate to $983, with, as the defense alleges, the " express understanding, promise and stipulation, if any error or mistake should be discovered thereafter, that the same should be rectified, and that said promissory notes should be enlarged or diminished in amount according as the mistake, if any should be found, in favor of or against said Dryden."

On the trial of the case, after the plaintiff rested, the defense offered the following testimony : " That at the time said notes sued upon were given by said appellants, to the assignor of respondent, it was the express understanding and stipulation between the said assignor (Dryden) of the respondent [and these appellants], that, if at any future period, upon examination of their books, accounts, vouchers, etc., the appellants should discover any mistake or error in the amount of their respective claims against each other, increasing or diminishing the amount informally settled upon, and for which the notes referred to herein were given, then the said error, upon its being discovered, should be rectified, and the amount of said notes should be increased or diminished in accordance therewith." Also, appellants offered to prove that, after the execution of said

notes, they did make an examination of their books and vouchers, according to said stipulation, and found that the said Dryden, the payee of said notes, had claimed more than was due him, and that there was an error or mistake against the respondent of two hundred and twenty dollars existing at the time said notes were given, and which should have been deducted from said notes according to agreement; and appellants further offered to prove that when they executed and delivered these notes to the said Dryden, payee, as aforesaid, that neither these appellants nor the said Dryden had present their respective books, accounts or vouchers, by which a correct settlement of their business affairs could be ascertained.

The admission of this testimony was objected to by plaintiff, the objection sustained, and the defendants excepted. The question presented to this Court is, did the Court below err in rejecting this testimony? Respondents rely on the proposition that "parole evidence is not admissible to supply or contradict, to enlarge or vary the words of a contract in writing." No proposition can be better established than the one laid down. Yet the application of that rule in practice sometimes presents questions of great nicety. It is not contended here that the contract set up in the defendants' answer could be proved by way of explaining the meaning of the notes given; that is, " to supply, contradict, enlarge or vary the words" contained in these notes. Such proof can never be introduced except in a proper proceeding where there has been a *mistake* in drafting the instrument. But if we understand the position of the appellants, they claim the right to prove a substantive and distinct contract. The language of the pleading is rather peculiar, " that said promissory notes should be enlarged or diminished in amount according as the mistake, if any should be found," etc. We are hardly to suppose if the parties used this exact language, that it was their intention that if Dryden found a mistake in the accounts in his favor that he was to alter or erase and rewrite the amounts in the notes he held against the defendants, to correspond with the corrected accounts; or if the error was proved the other way, that he was to allow the defendants to alter the notes he held. But if we put a common sense interpretation on the agreement, it

Travis *v.* Epstein *et al.*

simply meant that this settlement was not to be considered final. If an error was found, it was to be corrected. If in favor of defendants, Dryden would surrender one or more of the notes, or enter a credit on them to the extent that would be necessary to correct the error. If against the defendants, they would execute an additional note for the amount due.

Putting this interpretation on the agreement, and it appears to us that it may be held to be not an agreement to vary the contract as expressed in the notes executed, but a separate and independent agreement that, upon the happening of a certain event (the finding an error or mistake in the settlement) they would correct it. We are not satisfied such an agreement would be invalid.

It would appear to be an agreement founded on a good consideration; nor do we see that the fact that the agreement was entered into simultaneously with the execution of the notes, renders it null and void, or affects the character of evidence by which it is to be sustained.

But admitting our views on this point are erroneous, still it appears to us that the rights of the parties in this instance would be about the same without oral agreement. If, in the absence of their books, the parties had made a settlement, and the defendants paid an apparent balance against themselves, each of the parties acting in good faith, but laboring under a mutual mistake of fact, there can be no doubt the defendants would, on discovering a mistake against themselves, have been entitled to recover back the amount paid beyond the real balance against them.

If they possessed this right without agreement, the contract which was attempted to be made could not destroy that right.

The defendants not only offered to prove the verbal contract, but the existence of the mistake. If the notes were given for $983, and there was only due from defendants $763, there was a *partial* failure of consideration, and if a *partial* failure of consideration can be set up as defense to a note, that part of the evidence relating to the mistake in the accounts was admissible, for the purpose of showing that failure.

It has not been many years since it was almost invariably held by the Courts of England and the various States of this

Travis *v.* Epstein *et al.*

Union, that partial failure of the consideration could not be pleaded at law as a defense *pro tanto* to a note.

Of late years, however, to avoid circuity of action, many common law Courts have held that partial failure of consideration of a note may be pleaded at law. That we think the better rule, and especially must it be so under our system, where the common law and equity systems are so intimately connected. The notes in this instance were assigned after maturity, and it is a well settled principle, that under such circumstances, whatever would have been a defense to the notes in the hands of the original payee, is also a defense against the assignee.

The answer of defendants in this case, seems to rely principally on that oral contract as a defense. Nevertheless it states substantially the facts that would have to be stated to sustain the plea of partial failure of consideration.

Under our very liberal system in regard to pleadings, we think it may be held as a good answer to support that defense.

The authorities as to the introduction of evidence to prove oral agreements made when the notes were executed, as to the manner of paying notes, the giving of credits, etc., are, it appears to us, somewhat conflicting and not easily reconciled.

We think these propositions have been settled. If A and B settle accounts, A gives his note to B, and B agrees if A, on examination of his accounts, is dissatisfied, he will give up the note or enter a credit on it, this is not a valid agreement. It is a verbal agreement to make that dependent on the *will* of A, which by the writing is absolute. So if B says to A, when the note is executed, if you will procure bank notes of a certain character, I will take them in discharge of this note, and A executes the note with this understanding; it has been held he cannot discharge the note with such bank notes, or plead the tender of them in defense, because this would be varying a written contract by parole.

Yet when B, by the terms of a contract, was bound to pay A a sum of money at a future day, and A obtained from B a smaller sum, and executed his note to B for such smaller sum, with the oral agreement made when the note was executed, that the note was not to be paid, but the note and accumulated interest was to be credited on the larger sum when it became

due on B's contract, this agreement was held to be a defense against the note. A case which seems irreconcilable with the preceding cases.

The case of *Batterman* v. *Pierce et al.*, 3 Hill, 171, is, it appears to us, precisely like the one under consideration, so far as it relates to the admissibility of oral testimony.

In next to last paragraph of opinion, page 478, the Court holds the oral testimony does not tend to vary the written contract, but proves a distinct verbal contract entered into simultaneously with the written contract.

Several other cases we have examined, seem to agree in principle with these latter ones. From the want of access to a good library, we have not been able to give this part of the subject such an examination as we could have desired. But from the best light we have on the subject, we are satisfied the whole of the evidence offered by the defendants should have been admitted. The settlement having been made, the burthen of proof falls on defendants to prove a mistake. And that proof must be reasonably clear and satisfactory.

The fact that the parties, when they made the settlement, anticipated that probably there might be a mistake, may be legitimately introduced with other testimony to explain any mistake and partial failure of consideration. The proof of the agreement, and the fact that defendants *thought* there was a mistake, would not be a defense to this action. But proof that there was a mistake is a defense *pro tanto.*

The order of the Court below, refusing to grant a new trial, must be set aside, the judgment reversed, and a new trial granted.