## MARK W. DEVINE

*v.*

## HENRY C. EDWARDS.

MISTAKE *in paying for more than was received.* In the case of the sale of milk by the can, if by mistake of the parties the milk delivered is short of the quantity intended, owing to the cans not holding the amount supposed, and the vendor receives more money on that account than entitled to, he must account for the same, even though the purchaser was negligent in discovering the mistake.

APPEAL from the Circuit Court of Du Page county; the Hon. HIRAM H. CODY, Judge, presiding.

Messrs. E. H. & N. E. GARY, for the appellant.

Messrs. BOTSFORD & BARRY, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action brought by Edwards against Devine, to recover the price of milk which had, before that time, been sold to appellant, and from time to time delivered.

Defendant, in the circuit court, pleaded the general issue and pleas of set-off, and on the trial offered evidence tending to prove that less milk had been actually delivered than was charged for, and less than he supposed at the time of receiving and paying for the same.

Appellant, it seems, was a dealer in milk in the city of Chicago, and plaintiff, (with his brother, now deceased,) for a series of months, from time to time, shipped from the country milk in cans, supposed to contain eight gallons each. Upon that hypothesis the account of the vendor was rendered from time to time, and payment made by the vendee for all milk received up to the 1st of March, 1875, and for a part of the milk delivered on and after that day the appellant refused to pay, claiming a credit for a large amount of money on account

of money over-paid prior to that date, as he claims, from time to time, by mistake, in supposing that the cans each contained eight gallons, when, in fact, as he alleges, a part of them were short and contained less than eight gallons.

The testimony is voluminous and contradictory, and it seems to us that the weight of the evidence found in the record is in favor of the position of appellant. The verdict was for appellee, for the sum of $989.10, being very near the full amount claimed by him. After overruling a motion for a new trial, judgment was rendered against appellant upon the verdict.

Many points are presented by appellant as grounds for reversing this judgment. It is not necessary that we should consider more than one.

The court, among other things, instructed the jury, at the request of appellee, "that if they believe, from the evidence, that before or during the time he received or was receiving the milk of the plaintiff, for which he now claims his set-off for shortage, the defendant * * * had such notice thereof, that by the exercise of ordinary prudence and diligence he would have known that plaintiff's cans were not up to the standard of eight gallons, and that plaintiff had no knowledge of any such shortage, and that defendant, with such notice and means of knowledge, paid the plaintiff in full for each month's milk, except the month of March, 1875, without any claim for shortage, then he can not set-off in this action any sum for such shortage * * * accruing since such * * * notice, except such shortage as may have accrued in that month of March."

We can not give our sanction to the rule announced in that instruction. There is evidence tending to prove, that as early as 1870, and upon divers occasions after that, the attention of appellant had been called to the question whether appellee was or was not using cans which were short in capacity, and that his suspicions had been aroused on that subject, and therefore had such notice as put him upon inquiry, and such as would

have prompted a man of ordinary prudence to exercise such vigilance as would, if exercised, have discovered the deficit in quantity before the several payments were made, and it is insisted by appellee, that having omitted such vigilance, appellant can not complain. This is not the law. The contract under which the milk was sold was for a given price per gallon. It was the duty of appellee to see to it that his cans should hold the quantity which he professed that they held. It does not lie in his mouth to complain that appellant did not watch him with the care which the circumstances seemed to demand. If, in truth and in fact, by the mistake of appellant and that of appellee, the amount of the milk was short, and appellee received more money on that account than he was entitled to, he must account for the same, even though the mistake resulted from negligence on the part of appellant as well as on the part of appellee. The real question is as to the fact of the alleged shortage. If that existed, the appellant is entitled to have the wrong corrected by way of set-off.

For this error the judgment must be reversed and the cause remanded for a new trial.

*Judgment reversed.*

Mr. Justice Craig: I do not concur with a majority of the court in the decision of this case. The question of fact, in my judgment, was fairly submitted to the jury, and the verdict should be held conclusive.