[L. A. No. 1248. Department Two.—March 21, 1903.]

## WILLIAM F. HARTWIG, Respondent, v. MINA M. CLARK et al., Appellants.

EXCHANGE OF LAND—AGREEMENT TO PAY MORTGAGE—STATUTE OF LIMITATIONS—RESCISSION—FRAUD—MISTAKE.—Upon a contract for the exchange of unencumbered land of the defendant for a mortgaged house and lot of the plaintiff, the encumbrance upon which the

defendant agreed to assume and pay, where it was understood and believed by both parties at the time of the contract that the mortgage was a valid subsisting lien; but the defendant, with knowledge that it was barred by the statute of limitations before the deeds were exchanged, took a deed in his wife's name, subject to the mortgage, with the intention never to pay the same, the plaintiff, who then still labored under the original mistake, is entitled to rescind the exchange for the fraud of the defendant, as well as on the ground of mistake, whether the mistake be considered as one of law or of fact.

ID.—INJURY TO PLAINTIFF—FINDING—FAILURE OF CONSIDERATION.— The plaintiff must be deemed injured by the failure of the defendant to fulfill his agreement to pay the debt honestly owed by the plaintiff, regardless of the fact that the plaintiff might evade his obligation. But, upon the finding that the payment of the mortgage was an essential part of the consideration for the exchange, the refusal of the defendant to pay it was a failure of consideration, for which the plaintiff is entitled to rescind the exchange.

ID.—LACHES—PROMPT ACTION UPON DISCOVERY—DEMAND FOR RESCISSION.—The plaintiff was not guilty of laches where an action was brought to rescind the exchange on the same day on which the plaintiff first ascertained that defendant would not pay the note to the mortgagee. Such action, though afterwards dismissed, operated as a demand for rescission, and where the present suit was brought on the day of such dismissal, there was no intervening laches.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion.

Tanner & Taft, for Appellants.

The plaintiff shows no injury to entitle him to relief. (*Commissioners of San Jose* v. *Younger,* 29 Cal. 172; *Marriner* v. *Dennison,* 78 Cal. 213; *Purdy* v. *Ballard,* 41 Cal. 444, 447; *Bailey* v. *Fox,* 78 Cal. 398.) The plaintiff is guilty of laches barring relief. (Civ. Code, sec. 1691; *Bailey* v. *Fox,* 78 Cal. 398; *Marston* v. *Simpson,* 54 Cal. 187; *Barfield* v. *Price,* 40 Cal. 536; *Williams* v. *Mitchell,* 87 Cal. 542; *Getty* v. *Devlin,* 54 N. Y. 415.)

Anderson & Anderson, and Joseph Scott, for Respondent.

Mistake of law, as well as of fact, is ground for relief. (Civ. Code, secs. 1576, 1577, 1578.) The defendant was

guilty of actual fraud entitling plaintiff to relief in making a promise without any intention of performing it. (Civ. Code, sec. 1572, subd. 4; *Brison* v. *Brison,* 75 Cal. 525, 527, 528;[1] *Newman* v. *Smith,* 77 Cal. 22, 26; *Hays* v. *Gloster,* 88 Cal. 560, 565; *Lawrence* v. *Gayetty,* 78 Cal. 126, 131.[2]) There was no laches after discovery of the fraud or mistake, or of the facts entitling to rescission. (Civ. Code, sec. 1691; Code Civ. Proc., sec. 338; *Tarke* v. *Bingham,* 123 Cal. 163, 165-166; *Bank* v. *Wickersham,* 99 Cal. 665, 659; *Marston* v. *Simpson,* 54 Cal. 189, 190, 191; *Hill* v. *Wilson,* 88 Cal. 92.)

SMITH, C.—Appeal from a judgment for plaintiff and from an order denying the defendant's motion for new trial.

The case is that of an agreement for an exchange of lands by the plaintiff and the defendant T. M. Clark, of date November 13, 1899, carried into effect by mutual conveyances of date the 18th of the same month—the plaintiff's conveyance being made, at the request of the latter, to his wife, the defendant, Mina. In the agreement the plaintiff's land is described as "all free and clear except an encumbrance of three thousand dollars on the house and land;" and in the conveyances to Mrs. Clark, as "subject to a mortgage of that amount in favor of Emeline Childs, executrix of the estate of O. W. Childs, deceased, . . . dated June 6, 1892, payable in one year," etc. The agreement was made subject to investigation of title, plaintiff to furnish certificate of title, etc. The remaining facts are in brief as follows:—

When the agreement was made, the note and mortgage to Mrs. Childs was in fact barred by the statute of limitations. But the fact was unknown to either party, and it was understood and believed by both that the mortgage constituted a valid subsisting lien, and that Clark would have to pay and would pay the note secured by it as part of the consideration moving to the plaintiff,—Clark agreeing expressly to do so, though not so expressed in the agreement. And, it is further found, "plaintiff would never have executed said contract except for that understanding."

When the deeds were executed the plaintiff was still under the same mistaken impressions, as was known to Clark; but

---

[1] 7 Am. St. Rep. 189.                    [2] 12 Am. St. Rep. 37.

the latter had ascertained that the note and mortgage were barred, and did not intend to pay the same.

As bearing on objections made by the defendants to plaintiff's action on the ground of laches, it may be stated that suit for rescission was commenced by the latter against the former, April 9, 1900; on which day, it is found, plaintiff first ascertained that defendants would not pay the note to Mrs. Childs. But this suit was dismissed by plaintiff's counsel, April 5, 1901, and the present suit, brought on the same day; which, if the objection be otherwise meritorious, sufficiently disposes of it. The first suit, which was brought promptly on discovering that the defendants did not intend to pay the note to Mrs. Childs, was itself a sufficient demand for rescission.

On the facts above stated it is clear that the plaintiff was entitled to judgment for rescission, either on the ground of fraud, or that of mistake and failure of consideration.

As to the fraud: The defendant, Clark, at the time the deed was executed knew that the note and mortgage to Mrs. Childs was barred by the statute of limitations, and that the plaintiff understood that he, Clark, would pay it, as he represented he would, though in fact not intending to do so. This (coupled with the fact that plaintiff's consent was thus obtained, Civ. Code, sec. 1568), under the express provisions of the law, and the authorities on the subject, makes too plain a case of fraud to require discussion. (Civ. Code, sec. 1572, subds. 3, 4, 5.) So also the case is very plainly one of the class that relief will be granted on the ground of mistake (Civ. Code, sec. 1577); and this is equally true, if, as contended for appellants, plaintiff's mistake be regarded as one of law, rather than of fact. (Civ. Code, sec. 1578.)

Nor can the point be successfully maintained that the plaintiff was not injured. He would not have been injured, if the Childs mortgage had been paid by the defendants, or the liability of the land therefor been made effectual; and probably, if the Childs mortgage were still an enforceable lien on the land, the same result would follow. But here the plaintiff's consent was obtained only by the mistaken belief,—whether fraudulently induced by Clark or otherwise, is immaterial— that it was a valid lien; and the defendants now successfully maintain that it was not such. Nor is the plaintiff the less

injured by the fact, that by force of the statute Clark might evade his obligation. The debt being admittedly due, the former could not, consistently with his views of what was honest, repudiate it, and hence was no less injured by the latter's fraud than though the debt had been legally enforceable.

In view of the finding that the payment of the Childs mortgage was an essential part of the consideration of the contract and deed, and the consideration having, by the refusal of the defendants to pay the Childs debt, so far failed, the plaintiff was clearly entitled to the judgment. (Civ. Code, secs. 1689, subd. 2; 3406, subd. 1.)

Objections are made to the sufficiency of the evidence to justify the findings; but as to the material facts in the case, above considered, they are fully sustained.

We have deemed it unnecessary to discuss the numerous authorities cited by appellants' counsel. We have examined such of them as we deemed necessary, but find nothing in them in conflict with the conclusion we have reached.

We advise that the judgment and order appealed from be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Henshaw, J., Lorigan, J.

Hearing in Bank denied.