[Civ. No. 872. Second Appellate District.—May 7, 1912.]

W. J. HORNE, Appellant, v. IDA D. HUGHES, Respondent.

VENDOR AND PURCHASER—MISTAKE IN SALE OF LAND—FORGED DEED TO VENDOR—DISCOVERY — RESCISSION — COMPLAINT FOR PURCHASE MONEY—ERROR IN SUSTAINING DEMURRER.—Where a vendor and purchaser of land, by mutual mistake, believed that the vendor had a good title, as represented by him, and the purchase money was paid and the deed given under such mistake, a complaint to rescind

the purchase for such mistake, and to recover the purchase price paid, with interest, upon discovery that the deed executed to the vendor was forged and invalid, by the decision of a court of competent jurisdiction to that effect, and that no title was vested in the vendor, or in the purchaser by his deed, states a cause of action, and the court erred in sustaining a general demurrer thereto.

ID.—CAUSE OF ACTION UNDER CODE PROVISIONS—MUTUAL MISTAKE OF FACT—GROUND FOR RESCISSION.—It clearly appears from the averments of the complaint that the money paid in consideration of the deed and the whole transaction was occasioned by a mutual mistake of fact such as is contemplated by subdivision 2 of section 1577 of the Civil Code, and section 1689 of the Civil Code confers the right of rescission if the consent of the party rescinding was given by mistake, or if the consideration becomes void for any purpose.

ID.—ABSENCE OF TITLE IN DEFENDANT—NOTHING CONVEYED TO PLAINTIFF—TENDER OF RECONVEYANCE NOT A CONDITION OF RESCISSION.—Since the defendant had no interest in the premises, her deed to the plaintiff conveyed nothing, and it was not necessary to execute a reconveyance, or a tender thereof, before the action was brought to recover back the purchase price, with interest.

APPEAL from a judgment of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Hanson, Hackler & Heath, for Appellant.

Denio & Hart, for Respondent.

ALLEN, P. J.—The allegations of the complaint, in substance, are these: Plaintiff bought of defendant an undivided half interest in a tract of land at Wilmington, paying therefor the sum of $675, defendant executing to plaintiff a bargain and sale deed. At the time of the sale and conveyance the defendant represented to plaintiff that she had a good and perfect title to the land and authority to sell and convey the same. Plaintiff relied upon these representations and believed them to be true, and upon the faith thereof paid the purchase price and accepted the conveyance. As a matter of fact, defendant had no title to said premises and owned no interest therein; that she believed at the time, as did plaintiff, that a certain conveyance theretofore made under which

she claimed title was valid, but in truth the same was a forgery, and defendant by reason thereof derived no title on account of such conveyance; that plaintiff did not discover this fact until in the year 1908, when such deed so made to defendant was by a court of competent jurisdiction declared to be invalid and a forgery. The action was brought to recover the amount of the purchase price so paid, with interest. A general demurrer was interposed to the complaint, which was by the court below sustained, and the complaint not being amended, judgment was rendered in favor of defendant for costs. From this judgment plaintiff appeals. It clearly appears from the averments of the complaint that the money paid in consideration of the execution of the deed and the whole transaction was occasioned by a mutual mistake of fact and such a one as is contemplated by subdivision 2 of section 1577 of the Civil Code. Section 1689 of the Civil Code confers the right of rescission, if the consent of the party rescinding was given by mistake, or if the consideration becomes entirely void from any cause. This transaction clearly comes within the provisions of the above-named sections. (*Hartwig v. Clark,* 138 Cal. 671, [72 Pac. 149].) Defendant having no interest in the premises, her deed conveying none to plaintiff, no necessity existed for a reconveyance or tender thereof before the action was brought. Plaintiff received nothing which he could tender back and defendant parted with nothing that she was entitled to have tendered to her as a condition precedent to the bringing of the action. We are of the opinion that the complaint stated a good cause of action, and that the court erred in sustaining the demurrer thereto.

Judgment reversed and cause remanded.

James, J., and Shaw, J., concurred.