[Civ. No. 3104. Second Appellate District, Division Two.—April 12, 1921.]

## GEORGE P. THRESHER, Respondent, v. P. L. LOPEZ, Appellant.

[1] MISTAKE—PAYMENT OF MONEY—PLEADING—RECOVERY UNDER COMMON COUNT.—Money paid upon a mistake of fact may be recovered under the common count of money had and received.

[2] ID.—NEGLIGENCE OF PAYOR—EFFECT UPON RECOVERY.—Money paid upon a mistake of fact may be recovered, regardless of however negligent the payor may have been, if his conduct has not altered the position of the other party to his detriment.

[3] ID.—ACTION FOR RECOVERY OF OVERPAYMENT OF MONEY—PLEADING—DEMAND.—In an action for the recovery of an alleged overpayment of money by mistake for work and labor, an allegation that, although often requested so to do, the defendant has neglected, failed, and refused to pay the plaintiff said sum, is a sufficient allegation of a demand.

[4] APPEAL—INSUFFICIENT FINDING—REVERSAL OF JUDGMENT.—A judgment will not be reversed for an insufficient finding where if a finding had been made, it must have been adverse to the appellant.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles H. Mattingly for Appellant.

H. W. Kidd and A. J. Verheyen for Respondent.

CRAIG, J.—This is an appeal from a judgment against the defendant for the sum of $780.44 and plaintiff's costs.

The complaint alleges three causes of action. One is for money had and received; one for a balance due on a mutual open and current account, and one for the recovery of an alleged overpayment of money upon the ground that it was obtained upon false and fraudulent representations. The findings are applicable to support the first cause of action, and the evidence sustains those findings which concern

---

1. Recovery of money paid by mistake, notes, 50 **Am. Rep.** 139; 56 **Am. St. Rep.** 408.

the first cause of action. It is true that there is a substantial conflict in the evidence, but, under such circumstances, it is elementary that the judgment of the trial court will not be reversed.

The plaintiff employed the defendant to perform certain work and paid therefor $3,126.85. The trial court found this to be an overpayment of $780.44. Finding IV is to the effect that the plaintiff believed that the amount which he paid was owing and payable from him to the defendant and that he did not know that he was overpaying the defendant, "but that on or about July 17, 1918, plaintiff learned for the first time that he had overpaid defendant by mistake for the doing of said work and labor; that within a short time after so learning for the first time of said overpayment, plaintiff demanded of defendant that he repay to plaintiff the sums so overpaid by the latter, but that defendant refused and has ever since refused to repay said overpayment to plaintiff or any part thereof." The evidence amply supports this finding. [1] Money paid upon a mistake of fact may be recovered under the common count of money had and received. (*West* v. *Houston*, 4 Harr. (Del.) 170; *West Frankfort Bank & Trust Co.* v. *Baretti et al.*, 206 Ill. App. 261; *Soderberg* v. *King County*, 15 Wash. 194, [55 Am. St. Rep. 878, 33 L. R. A. 670, 45 Pac. 785]; *Holst* v. *Stewart*, 161 Mass. 516, [42 Am. St. Rep. 442, 37 N. E. 755].) [2] The plaintiff, however negligent he may have been, may recover if his conduct has not altered the position of the defendant to his detriment. (*National Bank of California* v. *Miner*, 167 Cal. 532, [140 Pac. 27].)

The cases cited by appellant to support his contention "that money voluntarily paid with full knowledge of all the facts and without fraud or coercion, cannot be recovered," support that position, but are not in point here because the court found, and the evidence shows, that the plaintiff acted without knowledge of the facts and through a mistake. There is nothing to indicate that the act of Thresher in having overpaid Lopez has placed the latter in a position where a detriment would result by reason of his being required to refund. Under such circumstances it is inequitable and dishonest for defendant to retain the money.

[3]   Appellant makes the claim that there is neither an allegation nor finding that a demand was made for repayment before the commencement of the suit. The complaint alleges that element of the cause of action in the ordinary language of an action upon the common count of money had and received, "that although often requested so to do, the said defendant has neglected, failed and refused to pay the plaintiff the said sum," etc. We think this is a sufficient allegation of demand. The finding reads: "Within a short time after so learning for the first time of said overpayment, plaintiff demanded of defendant that he repay to plaintiff the sums so overpaid by the latter, but that defendant refused and has ever since refused to repay said overpayment to plaintiff or any part thereof." [4]   Conceding that this is somewhat indefinite as to the date on which demand was made, the evidence shows that demand was made before the action was commenced, and the judgment will not be reversed for an insufficient finding where, if a finding had been made, it must have been adverse to the appellant. (*Haight* v. *Costanich,* 31 Cal. App. Dec. 237.) Counsel for appellant persists in the assertion that the findings were to the effect "that respondent on March 4, 1918, knew the exact status of his account with appellant." There is no finding to this effect.

Judgment is affirmed.

Finlayson, P. J., and McCormick, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 12, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 9, 1921.

All the Justices concurred.