[Civ. No. 5294.  First Appellate District, Division One.—July 28, 1926.]

## S. MITCHELL, Appellant, v. CALIFORNIA–PACIFIC TITLE INSURANCE COMPANY (a Corporation) et al., Respondents.

**[1]** DEEDS OF TRUST—TRUSTEE'S SALE—TITLE.—In an action by the purchaser of land at a trustee's sale to recover benefits alleged to have been conferred in reliance upon the erroneous belief of the grantor in the deed of trust, the trustee and the purchaser that the title to the land at the time of the sale by the trustee and the execution of the trustee's deed was vested in the latter, the obligation to make restitution under such circumstances not being contractual, but one imposed by law, the benefit conferred would be the measure of purchaser's right to relief.

**[2]** ABSTRACT OF TITLE — ERRONEOUS CERTIFICATE — LIABILITY OF ABSTRACT COMPANY—MEASURE OF DAMAGES.—Under section 3300 of the Civil Code, an abstract company erroneously certifying title

---

2.  See 1 Cal. Jur. 118; 1 R. C. L. 92.

to land is liable in an amount which will compensate for all detriment proximately caused thereby.

[3] DEEDS OF TRUST — JUDICIAL SALES — CAVEAT EMPTOR.—A trustee's sale under a deed of trust is not analogous to a judicial sale, to which the rule of *caveat emptor* applies, since a sale is not properly a judicial sale unless it is made upon express order of court having jurisdiction of the subject matter of the sale, and which it directs to be made for the purpose of carrying its judgment into effect or directing a disposition of the proceeds.

[4] EQUITY — MISTAKE — RELIEF. — Wherever a person is ignorant or mistaken with respect to his own antecedent and private legal rights, interests, estates, duties, liabilities, or other relations, either of property or of contract or personal status, and enters into some transaction, the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed rights, interests, or relations, or of carrying out such assumed duties or liabilities, equity will grant its relief, defensive or affirmative, treating the mistake as analogous, if not identical, with a mistake of fact.

[5] ID.—RECONVEYANCE—TENDER.—Where it is alleged that a purchase of real property was induced by a mistake, all the parties to the transaction believing the title to be vested in the grantor, who was without title, the mistake is mutual within the provisions of subdivision 2 of section 1577 of the Civil Code, and no interest in the premises having been conveyed, reconveyance or tender thereof before suit to recover the purchase price is unnecessary.

[6] ID.—TRUSTEE'S SALE — MISTAKE — KNOWLEDGE—PLEADING.—In an action by the purchaser of land at trustee's sale to recover the purchase price from the trustee and the grantor in the deed of trust on the ground of mutual mistake as to title, a complaint, which does not allege facts from which it may be inferred that defendants had knowledge or notice of the mistake prior to the filing of the complaint and which contains no demand for restitution, fails to state a cause of action.

[7] EQUITY—MISTAKE—RESTITUTION.—The right of one who confers a benefit in misreliance on a right or duty is equitable in character, and arises only when the recipient of the benefit is notified or learns that a mistake has been made in consequence of which he ought to make restitution.

[8] ABSTRACT OF TITLE—CERTIFICATE—ACTION FOR DAMAGES—STATUTE OF LIMITATIONS — CONSTITUTIONAL LAW. — The classification contained in subdivision 1 of section 339 of the Code of Civil Pro-

---

4. See 10 Cal. Jur. 477, 478.
5. See 25 Cal. Jur. 534.
8. See 17 Cal. Jur. 624; 2 R. C. L. 785.

cedure, declaring a two-year period of limitation in actions upon contracts not founded on an instrument in writing, but containing an exception that causes of action upon contracts evidenced by certificates of title shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party, is based on intrinsic differences between such contracts and others which reasonably justify a different regulation as to the time when a cause of action thereon shall accrue, and is not in conflict with subdivision 32, section 25, of article IV of the constitution, which prohibits the passage by the legislature of local or special laws.

[9] ID.—FAILURE OF TITLE—RELIANCE—PLEADING.—In an action by a purchaser at trustee's sale against an abstract company, which had certified the title, for damages for failure of title, it is essential to the statement of a cause of action that plaintiff relied and acted upon the certificate furnished either in making the purchase or paying the price.

[10] ID.—RELIANCE UPON CERTIFICATE—PLEADING—DEMURRERS.—If an averment can be held clearly to imply a fact essential to the statement of a cause of action, it will be held sufficient as against a general demurrer; but in such action, where it was alleged that upon receipt of the certificate of title plaintiff "caused the amount of money which had been bid by him at said sale" to be paid over for such property, the fact of reliance upon the certificate does not follow as a necessary implication from the allegation of payment, the latter not being inconsistent with non-reliance, the facts essential to the statement of a cause of action are wanting, and the demurrer was properly sustained.

(1) 41 C. J., p. 1036, n. 39 New.  (2) 1 C. J., p. 368, n. 55, 58. (3) 35 C. J., p. 7, n. 1, p. 8, n. 4, 5, 6, 7, p. 10, n. 34.  (4) 21 C. J., p. 96, n. 24.  (5) 39 Cyc., p. 1252, n. 89, p. 2008, n. 66.  (6) 39 Cyc., p. 2052, n. 83.  (7) 39 Cyc., p. 2061, n. 45, p. 2062, n. 49. (8) 21 C. J., p. 88, n. 51.  (9) 36 Cyc., p. 1013, n. 64.  (10) 1 C. J., p. 371, n. 95.  (11) 31 Cyc., p. 81, n. 8.

APPEAL from a judgment of the Superior Court of Kern County.  T. N. Harvey, Judge.  Affirmed.

The facts are stated in the opinion of the court.

W. W. Middlecoff and Power & McFadzean for Appellant.

10. Necessity for alleging that plaintiff in a suit against an abstractor was injured by the latter's error, see note in 22 L. R. A. 99. See, also, 12 Cal. Jur. 812.

Harding & Monroe, R. H. Borland, Manson & Allen and J. W. Wiley for Respondents.

CASHIN, J.—An action to recover sums paid by appellant for certain real property sold by California-Pacific Title Insurance Company, a corporation, as trustee under a deed of trust executed by one Howard to secure the payment of a promissory note to respondent Frederica Meyerstein, title to the property at the time of the sale being vested in another, and for the recovery of damages against respondent Bakersfield Abstract Company.

The complaint, which was filed on December 6, 1922, alleged that at the time of the execution of the note and deed of trust there was prepared and delivered to respondent Meyerstein by Bakersfield Abstract Company a certificate of title showing the title to the property to be vested in Howard, subject only to the deed of trust and certain taxes a lien thereon; that in fact the property was also subject to the lien of an attachment issued in an action then pending in the superior court of the county of Kings, in which action Howard was the defendant; that subsequent to the execution and recording of the deed of trust judgment was entered against Howard in the action mentioned, upon which execution was issued and the property sold to one Saulsbury subject to redemption; that thereafter the property not having been redeemed, the sheriff of Kern County executed his deed to the purchaser conveying to the latter all the interest therein of Howard and respondent California-Pacific Title Insurance Company; that Howard subsequently made default in the payment of the note to respondent Meyerstein, upon whose demand the trustee, pursuant to the provisions of the deed of trust, gave notice that it would sell at public auction to the highest bidder the land described therein; that at the time and place of sale appellant, believing that he was purchasing the land described and would receive a good title thereto, bought the same at the auction sale for the sum of $2,386 "then and there paid by him to the trustee for said lands"; and thereupon the trustee executed to appellant a grant, bargain, and sale deed to the property, the deed being dated January 8, 1920. It was

further alleged that on January 30, 1920, appellant through his agent delivered the deed to respondent Bakersfield Abstract Company, to be recorded when the latter should ascertain that the deed when recorded would show title to the property to be vested in appellant free of encumbrances, whereupon the latter should issue its certificate of title accordingly; that respondent Abstract Company subsequently recorded the deed and issued its certificate to appellant, showing the title to be vested in the latter free of encumbrances, and that "upon receipt of said certificate said appellant Mitchell caused the amount of money which had been paid by him at said sale for said property to be paid over for said property"; that thereafter one Hall, the successor in interest of Saulsbury, brought suit to quiet title to the property as against appellant, who notified respondent Abstract Company of the fact and requested its assistance in defending the title; that a decree was subsequently entered therein adjudging Hall to be the owner thereof and that appellant had no title thereto; that in addition to the amount paid to the trustee as stated appellant expended sums for taxes and in defense of the title, all of which with interest thereon he seeks to recover from respondents. It was further alleged "that at the time said plaintiff made his said bid to said California-Pacific Title Insurance Company, said trustee for said property, said plaintiff believed, and plaintiff is informed and believes and therefore alleged the fact to be, that said trustee believed and said Frederica Meyerstein believed that said trustee was selling and would convey to said S. Mitchell the title to said real estate clear of encumbrances, and that they were all mutually mistaken in that regard, and were all at said time ignorant of the fact that there was an encumbrance on said property prior to said deed of trust, and that said sale would not have been made by said trustee, and said purchase would not have been made by plaintiff, except by reason of said mutual mistake. . . . "

The demurrers of respondents having been sustained appellant declined to amend, whereupon judgment was entered, from which the appeal was taken.

[1] The action as against respondents Meyerstein and California-Pacific Title Insurance Company is not one to

79 Cal. App.—4

recover damages for a breach of the covenants of the deed executed to appellant, but to recover benefits alleged to have been conferred in reliance upon the erroneous belief of these parties that the title to the land at the time of the sale by the trustee and the execution of its deed was vested in the latter. The obligation to make restitution under such circumstances not being contractual, but one imposed by law, the benefit conferred would be the measure of appellant's right to relief. [2] As against respondent Bakersfield Abstract Company, whose obligation was contractual (1 Cor. Jur., p. 368; *Russell & Co. v. Polk County Abstract Co.,* 87 Iowa, 233 [43 Am. St. Rep. 381, 54 N. W. 212]; *Equitable B. & L. Assn. v. Bank of Commerce, etc.,* 118 Tenn. 678 [12 Ann. Cas. 407, 12 L. R. A. (N. S.) 449, 102 S. W. 901, 904]; *Bremerton Development Co. v. Title Trust Co.,* 67 Wash. 268 [121 Pac. 69]), the relief to which appellant would be entitled, a breach of duty under the contract being shown, is the amount which would compensate for all the detriment proximately caused thereby (Civ. Code, sec. 3300). While the point is not raised by the demurrers of the respondents it is apparent that two distinct causes of action were sought to be stated against different defendants, the ultimate facts of one having no connection with those of the other except so far as they tend evidentially to their support. The pleading sufficiently shows that at the time of the execution of the deed to appellant the title was not vested in the trustee. [3] It is contended by respondents Meyerstein and California-Pacific Title Insurance Company that a sale of the character described is analogous to a judicial sale, to which the rule of *caveat emptor* applies; and that if a party takes a conveyance without covenants he is without remedy in case of failure of title, and if with covenants his remedy upon such failure is confined to the covenants. Such was the view as to conveyances without covenants in the earlier decisions in California, following the rule at common law, fraud or mistake in the transaction being absent (*Fowler v. Smith,* 2 Cal. 39; *Salmon v. Hoffman,* 2 Cal. 138 [56 Pac. 322]; *Peabody v. Phelps,* 9 Cal. 213; *Bryan v. Swain,* 56 Cal. 616). This rule also applies to judicial sales (*Estate of Verwoert,* 177 Cal. 488 [171 Pac. 105]; *Miller & Lux v.*

*Gray,* 136 Cal. 261 [68 Pac. 770]). But, as held in the *Estate of Backesto,* 63 Cal. App. 265 [218 Pac. 597], a sale is not properly speaking a judicial sale unless it is made upon express order of court having jurisdiction of the subject matter of the sale, and which it directs to be made for the purpose of carrying its judgment into effect or directing a disposition of its proceeds; and where, as in the case last cited, a sale of property is made under express and mandatory directions contained in a will which has been admitted to probate, such is not a judicial sale, and the transaction as between the executor and the vendee is attended with the same incidents as similar contracts between any other vendor and vendee.

[4]  "Wherever a person is ignorant or mistaken with respect to his own antecedent and private legal rights, interests, estates, duties, liabilities or other relations, either of property or of contract or personal status, and enters into some transaction, the legal scope and operation of which he correctly apprehends and understands, for the purpose of affecting such assumed rights, interests or relations, or of carrying out such assumed duties or liabilities, equity will grant its relief, defensive or affirmative, treating the mistake as analogous, if not identical, with a mistake of fact," (2 Pomeroy's Equity Jurisprudence, 4th ed., sec. 849, p. 1734). As affected by the question of a mistake as to title there are authorities supporting a rule that where there is a mutual mistake as to the vendor's title the vendee may rescind the contract, even where executed, and recover the price (*Houston* v. *Northern Pac. R. R. Co.,* 109 Minn. 273 [18 Ann. Cas. 325, 123 N. W. 922]; *Goettal* v. *Sage,* 117 Pa. St. 298 [10 Atl. 889]; *Strother* v. *Leigh,* 151 Iowa, 214 [130 N. W. 1019]); or plead the failure of consideration as a defense to an action for the purchase price (*Rice* v. *Goddard,* 14 Pick. (Mass.) 293; *Frisbee* v. *Hoffnagle,* 11 Johns. (N. Y.) 50). [5]  And where it is alleged that a purchase of real property was induced by a mistake, all the parties to the transaction believing the title to be vested in the grantor, who was without title, as held in *Horne* v. *Hughes,* 19 Cal. App. 6 [124 Pac. 736], the mistake is one within the provisions of subdivision 2 of section 1577 of the Civil Code, and no interest in the premises having been conveyed no necessity exists for reconveyance or tender thereof before suit.

[6] Respondents Meyerstein and California-Pacific Title Insurance Company further contend that the complaint fails to state a cause of action against them in that no demand for restitution is alleged.

It is averred that the mistake as to title was mutual; and no facts are alleged from which it may be inferred that respondents mentioned had knowledge or notice of the mistake prior to the filing of the complaint. [7] The right of one who confers a benefit in misreliance on a right or duty is equitable in character, and should be held to arise only when the recipient of the benefit is notified or learns that a mistake has been made in consequence of which he ought to make restitution (Woodward on Quasi-Contracts, sec. 32; 17 Cal. Jur., Money Received, sec. 19, p. 624). As said in *Dunham* v. *McDonald*, 34 Cal. App. 744, 748 [168 Pac. 1063], "In the ordinary action for money had and received by one party for the use of another demand is unnecessary to be made before suit brought. This rule applies generally where by rescission of a contract, express or implied, the obligation of the debtor is fully liquidated and the duty rests upon him at all times to pay. We apprehend that this duty to pay does not arise until the debtor has knowledge or should have knowledge by reason of the circumstances that he actually owes the claimant money. If he does not know, and under the circumstances is excused from inquiring to ascertain the fact, then it would seem that he should be entitled to have demand made upon him and the opportunity to settle before suit." And in *Sharkey* v. *Mansfield*, 90 N. Y. 227 [43 Am. Rep. 161]: "Where the mistake is mutual both parties are innocent and neither is in the wrong. The party honestly receiving the money through a common mistake owes no duty to return it until at least informed of the error. It is just that he should have an opportunity to correct the mistake innocently committed on both sides before being subjected to the risks and expenses of litigation."

In the cases cited the distinction between the duty to perform without demand a true contract, express or implied, and the obligation imposed by law to make restitution where the recipient of the benefit conferred through mistake remains in ignorance of the fact, is observed, this

distinction being recognized and the latter rule applied in the following cases: *Bledsoe* v. *Stuckey*, 47 Cal. App. 95 [90 Pac. 217]; *Thresher* v. *Lopez*, 52 Cal. App. 219 [198 Pac. 419]. The rule is applicable to the instant case, and consequently the fact of a demand should have been . alleged.

[8] It is further urged that the action as against respondent Bakersfield Abstract Company, being upon contract not founded on an instrument in writing (*Lattin* v. *Gillette*, 95 Cal. 317 [29 Am. St. Rep. 115, 30 Pac. 545]), the two-year limitation provided by subdivision 1 of section 339 of the Code of Civil Procedure applies, and that the proviso therein that causes of action upon contracts evidenced by certificates of title shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party is in contravention of subdivision 32, section 25, of article IV of the constitution, which provides that the legislature shall not pass local or special laws for the limitation of civil or criminal actions; and that in the absence of an allegation that appellant relied on the certificate in making the purchase and payment no cause of action is stated.

In view of the character of the service rendered by those engaged in the business of examining and certifying titles, the reliance necessarily placed on their reports, and the effect of such reliance in preventing independent investigation, the classification contained in the section is based on intrinsic differences between such contracts and others which reasonably justify a different regulation as to the time when a cause of action thereon shall accrue, and is not in conflict with the constitutional provision mentioned (*Rode* v. *Siebe*, 119 Cal. 518 [39 L. R. A. 342, 51 Pac. 869]; *Ruperich* v. *Baehr*, 142 Cal. 190 [75 Pac. 782]).

[9] The complaint alleges that the deed from the trustee was executed prior to the issuance of the certificate of title, and contains no allegation that appellant relied on the certificate either in making the purchase or paying the price. It is essential to the statement of a cause of action that the plaintiff relied and acted upon the abstract or certificate furnished (1 Cor. Jur. 371), this rule being recognized in all the cases involving actions on similar

contracts which have been brought to our attention (*Batty v. Font,* 54 Ind. 482; *Hershiser* v. *Ward,* 29 Nev. 228 [87 Pac. 171]; *Equitable B. & L. Assn.* v. *Bank of Commerce etc.,* 118 Tenn. 678 [12 Ann. Cas. 407, 12 L. R. A. (N. S.) 449, 102 S. W. 901]; and in the analogous case of misreliance upon a representation untrue in fact, whether wilfully false or not warranted by the information of the party making it, though believed by him to be true, the fact of reliance upon such representation is a necessary allegation (*Lawrence* v. *Gayetty,* 78 Cal. 126 [12 Am. St. Rep. 29, 20 Pac. 382]; *Stern* v. *McDonald,* 47 Cal. App. 79 [190 Pac. 221]; 12 Cal. Jur., Fraud and Deceit, sec. 68, p. 812.

[10] It is alleged that upon the receipt of the certificate appellant "caused the amount of money which had been bid by him at said sale for such property to be paid over for such property." If an averment can be held clearly to imply a fact essential to the statement of a cause of action it will be held sufficient as against a general demurrer; but where, as here, the fact of reliance upon the certificate does not follow as a necessary implication from the allegation of payment, the latter not being inconsistent with nonreliance, the facts essential to the statement of a cause of action are wanting, and the demurrer was properly sustained.

It being our conclusion that the complaint failed to state a cause of action against the respondents, it is unnecessary to consider other grounds of objection thereto presented by the demurrers.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.