## SMART *v.* VALENCIA

No. 2771

December 1, 1927.                    261 P. 655.

1. PAYMENT—OVERPAYMENT THROUGH MISTAKE OF FACT MAY BE RECOVERED.
     Money paid in excess of amount due through mutual mistake of fact may be recovered.

2. PARTNERSHIP—IN ACTION TO RECOVER OVERPAYMENT TO PARTNERSHIP, NONJOINDER OF TWO OF FIVE PARTNERS HELD NOT ERROR, DEFENDANTS BEING JOINTLY AND SEVERALLY LIABLE.
     In action against partnership to recover overpayment for sheep due to a mutual mistake in counting, nonjoinder of two of the five members of partnership *held* not to require reversal since the defendants were both jointly and severally liable.

3. PARTIES—FAILURE TO RAISE QUESTION OF DEFECT OF PARTIES DEFENDANT BY DEMURRER OR ANSWER WAIVES POINT.
     A failure to raise the question of defect of parties defendant as for nonjoinder by demurrer or answer constitutes waiver of such point, under Rev. Laws, 5045.

### C. J.–CYC. REFERENCES

CONTRACTS—13 C. J. sec. 10, p. 245, n. 67.
MONEY RECEIVED—41 C. J. sec. 2, p. 29, n. 7; sec 18, p. 39, n. 55.
PARTNERSHIP—30 Cyc. p. 565, n. 39.
PAYMENT—30 Cyc. p. 1316, n. 14; p. 1320, n. 39.
PLEADING—31 Cyc. p. 738, n. 3.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action by L. S. Smart against Conceso Valencia and others, copartners doing business under the name and style of the Conceso Valencia Company. Judgment for plaintiff, and defendants appeal. **Affirmed.**

*Price & Hawkins,* for Appellants:

Gravamen of action is alleged mutual mistake in counting sheep. Record is silent as to reason. Fraud is necessarily excluded. 16 C. J. 66; 40 C. J. 1226-7; Stephens v. Murton, 6 Ore. 193.

Plaintiff must prove by clear, convincing proof existence of alleged mistake. Rawson v. Hager, 48 Ia. 269; Moore v. Des Arts, 1 N. Y. 359.

That both parties were honestly mistaken is only ground that can be considered in present case. Tufts v. Leonard, 27 Ia. 330; Ramsey v. Smith, 32 N. J. Eq., 28.

Plaintiff must prove clearly that situation is against conscience for defendants to keep money, and that equity would afford relief. Goddard v. Town, 30 Conn. 394; Stratton v. Rastall, 2 Term Rep. 370.

Evidence shows plaintiff was careless and grossly negligent. According to his story he kept his own tally, read it, but two hours later paid out more than $25,000 without again looking at it. Equity assists only the vigilant. Mere good faith, without diligence, will not entitle one to relief in equity. Booney v. Stoughton, 13 NE. 833; Bibber v. Carville, 65 Atl. 303.

Where parties have equal knowledge, or means of obtaining it, and no surprise or imposition exists, mistake, whether mutual or unilateral, lays no foundation for equitable interference and is strictly damnum absque injuria. Belt v. Mehen, 2 Cal. 159; Deare v. Carr, 3 N. J. Eq., 513.

Evidence shows, if any liability, joint liability of partnership. Action is against three named individuals, whom evidence shows to have been three of five partners. Judgment must be joint against all liable. Keller

v. Blasdell, 2 Nev. 413. Pleading and judgment are directed against three members of partnership as individuals, and is not judgment against real obligor at all. Feder v. Epstein, 10 P. 785; Hass v. Cook, 41 So. 731.

*Cantwell & Springmeyer,* for Respondent:

Finding that there was mutual mistake was finding of fact. Question of mutual mistake is one of fact, not of law. Tooley v. Chase, 37 P. 908.

Where there is substantial conflict in evidence, this court has repeatedly held finding of trial court is conclusive upon appellate court. Springmeyer Land, etc. Co. v. Carson Valley, etc., Project, 50 Nev. 80.

One who by mutual mistake of fact overpays may recover amount of overpayment. 3 Williston on Contracts, 2786. Many cases are cited in support, but none contrary. Hayes v. Hayes, 25 NE. 600; Henn v. McGinnis, 165 NW. 406; Woodrup v. Claflin Co., 28 L. R. A. (N. S.) 440; Lowe v. W. F. & Co., 96 P. 74; 11 L. R. A. 376.

Defendants intimate mistake was not mutual. Evidence shows checkers were both mistaken. Authorities on unilateral mistakes have no bearing here.

Only matters to be considered under memorandum of errors are whether there is sufficient evidence to sustain decision of trial court—not the judgment; and whether court erred in admitting or rejecting evidence. Whether findings are sufficient to support judgment, or correspond to issues presented, as well as what issues are presented, can be considered only on appeal from judgment, and not on appeal from order denying new trial. Schroeder v. Pissis, 60 P. 758; Frank v. Charfield, 60 P. 525; Crescent Feather Co. v. United Upholsterers' Union, 95 P. 871; Yoakum v. Hogan, 243 P. 21.

## OPINION

By the Court, COLEMAN, J.:

Plaintiff brought this action to recover the sum of $1,100 which he alleged was paid to the defendants

through a mutual mistake. Judgment was for the plaintiff, and the defendants have appealed.

The parties will be referred to as in the trial court.

The defendants were the owners of a band of sheep in Jack's Valley, White Pine County. They contracted to sell and deliver these sheep in the band under the age of two years to the Henderson-Griswold Company, and the balance to the plaintiff at the price of $11 per head—the sheep to be delivered to both purchasers on March 8, 1924. On the day mentioned both purchasers appeared to take delivery of the sheep. The Henderson-Griswold sheep were first delivered, and thereafter the remaining sheep were counted out to plaintiff. The sheep were counted in both cases as they were driven through a hole in the corral fence. In counting the sheep purchased by the plaintiff, one of the defendants and one Bell, representing the plaintiff, counted as they came through the fence, and whenever a hundred had gone through a tally mark was put down—the plaintiff and one of the defendants keeping tally. When the count was completed, settlement was made between the plaintiff and the defendants on the basis of 2,308 head.

The two bands of sheep were then turned over to Mr. Bell, who drove them in separate bands to Currie station, a distance of about 90 miles, where they arrived about two weeks later. Upon arrival at Currie the sheep purchased by plaintiff were again counted, and it was found that there were 2,208 head in the band instead of 2,308. Thereupon plaintiff demanded reimbursement in the sum of $1,100, which was refused. This suit was then instituted upon the theory of mutual mistake in the count in Jack's Valley.

Counsel for defendants have favored us with brief matter of over 24,000 words, hence it is evident that nothing has been overlooked.

In presenting defendants' case, principles of equity jurisprudence are extensively and elaborately argued. As to the application of such principles in an appropriate case no doubt exists. While certain equity principles are

involved, this is not an equity case, but a suit at law for money had and received.

1. It is a well-established rule of law, subject to certain qualifications not material here, that money paid in excess of the amount due through a mutual mistake of fact may be recovered. 30 Cyc. 1316.

The general rule was stated by this court at a very early date in Travis v. Epstein, et al., 1 Nev. 116.

Mr. Williston in his excellent work on Contracts, at volume 3, sec. 1574, states the rule in the following language:

"One who by error in computation, or by mistake of any fact, pays a real or supposed creditor more than is his due, or pays a debt previously discharged, may recover the overpayment; and generally speaking, money paid over under a mutual mistake of an essential fact, or under a unilateral mistake as to such a fact where the defendant has parted with nothing and the plaintiff has not received an expected return, may be recovered."

This rule is supported by an overwhelming weight of authority. In fact, so far as we know, no court has enunciated a different rule. Nor do counsel for defendants contend for a different rule, but, as we have stated, invoke certain rules applicable in equitable actions which do not control in this case.

The case of Devine y. Edwards, reported in 87 Ill. 177, is in point. That was a case growing out of the sale and delivery of milk wherein it appeared that the seller had been delivering milk in cans which were supposed to hold eight gallons, but which in fact contained less. The court held that the failure of the purchaser of the milk to make sure that the cans contained eight gallons was not such neglect as would preclude his recovery.

In Baltimore & Susq. R. R. Co. v. Faunce, 6 Gill (Md.), 68, 46 Am. Dec. 655, it was held that money paid under a mistake of fact may be recovered back, although the party making the payment had access to information which if followed up would have resulted in an avoidance of the mistake.

The neglect of the plaintiff, if there was any, does not preclude his recovery. Thresher v. Lopez, 52 Cal. App. 219, 198 P. 419; Simms v. Vick, 151 N. C. 78, 65 SE. 621, 24 L. R. A. (N. S.) 517, 18 Ann. Cas. 669.

The case of Wheadon v. Olds, 20 Wend. (N. Y.) 174, is somewhat similar to this. In that case there was a mistake in the counting of bushels of oats, the plaintiff paying for 300 bushels more than he received. The court held he could recover. Numerous authorities of a similar nature might be cited.

The general principles of law applicable to this kind of cases is so well put in the case of Brand & Co. v. Williams, 29 Minn. 238, 13 N. W. 42, that we quote from it:

"An action for money had and received can be maintained whenever one man has received or obtained the possession of the money of another, which he ought in equity and good conscience to pay over. This proposition is elementary. There need be no privity between the parties, or any promise to pay, other than that which results or is implied from one man's having another's money, which he has no right conscientiously to retain. In such case the equitable principle upon which the action is founded implies the contract and the promise. When the fact is proved that he has the money, if he cannot show a legal or equitable ground for retaining it the law creates the privity and the promise. 2 Chitty, Cont. 899 (11th Am. Ed.); Mason v. Waite, 17 Mass. 560; Hall v. Marston [17 Mass. 575], Id. 574; Knapp v. Hobbs, 50 N. H. 476; Eagle Bank v. Smith, 5 Conn. 71 [13 Am. Dec. 37]. It is not necessary that the defendant should have accepted the money under an agreement to hold it for the benefit of the plaintiff, or that the party from whom he received it intended it for the plaintiff's benefit. Neither is it necessary that the money received by the defendant should have been an exact and specific sum, belonging exclusively to plaintiff, and entirely separate and distinct from any other moneys. We have found no case which lays down any

such narrow rule. Allanson v. Atkinson, 1 M. & S. 583; Heart v. Chipman, 2 Aiken, 162."

To the same effect, 13 C. J. 244.

It is strenuously urged that the evidence does not support the judgment. We have read all of the evidence with care and cannot say that the contention is well founded. The trial judge was in a better position to pass upon this question than are we, and we would not be justified in setting aside his conclusion on this point. To review the evidence would unduly lengthen this opinion.

2. It is also contended that the judgment must be reversed for the reason that the partnership sued is composed of five persons, whereas only three were joined as defendants. While it was formerly the law that persons jointly liable must all be joined as defendants and a joint judgment rendered against them, such is certainly not the law where they are both jointly and severally liable, as in this instance. Conway v. District Court, 40 Nev. 395, 164 P. 1009; 21 Stand. Ency. Pr. 86.

3. Furthermore, if there is a defect of parties defendant, all objection thereto is waived since the point was not raised by demurrer or answer. Rev. Laws, 5045; 15 Ency. Pl. & Pr. 756.

The further contention that the form of the judgment is not proper is not well founded as is pointed out in the case last cited.

For the reasons given, the judgment and order are affirmed.